Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STUART REGES,

        Plaintiff,

    v.

ANA MARI CAUCE, in her official capacity
as President of the University of Washington;
MAGDALENA BALAZINSKA, in her
official and individual capacities as Director
of the Paul G. Allen School of Computer
Science & Engineering; DAN GROSSMAN,
in his official and individual capacities as
Vice Director of the Paul G. Allen School of
Computer Science & Engineering; and
NANCY ALLBRITTON, in her official and
individual capacities as Dean of the College of
Engineering,

        Defendants.

Case No. 2:22-cv-00964-JHC

**DECLARATION OF MAGDALENA
BALAZINSKA RE: DEFENDANTS'
MOTION TO DISMISS AMENDED
COMPLAINT**

Noted for Hearing: September 22, 2023

BALAZINSKA DECLARATION RE:
MOTION TO DISMIS
Case No. 2:22-cv-00964-JHC

I, Magdalena Balazinska, declare as follows:

1.      I am the Director of the Paul G. Allen School of Computer Science and Engineering at the University of Washington and one of the named Defendants in the above-captioned matter. I am over the age of 18 and competent to testify to the facts below.

2.      Attached as **Exhibit 1** is a copy of the January 4, 2022 email I sent to Professor Reges (without attachment), which is referenced in Stuart Reges's Amended Complaint.

3.      Attached as **Exhibit 2** is a copy of the July 11, 2022 letter from Dean Nancy Albritton of the University's College of Engineering to Professors Louisa Mackenzie, Steve Muench, and Erick Schnapper, on which I was copied, which is referenced in Stuart Reges's Amended Complaint.

4.      Attached as **Exhibit 3** is a copy of the June 13, 2023 letter from Dean Allbritton to Professor Reges, on which I was copied, regarding the special investigating committee's conclusions. This letter is referenced in Stuart Reges's Amended Complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Executed August 31, 2023, at Seattle, Washington.

_____

Magdalena Balazinska

BALAZINSKA DECLARATION RE:
MOTION TO DISMIS
Case No. 2:22-cv-00964-JHC

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
tel+1-206-839-4300

# EXHIBIT 1

**From:**            Magdalena Balazinska <magda@cs.washington.edu>
**Sent:**            Tuesday, January 4, 2022 3:41 PM
**To:**              Stuart Reges
**Cc:**              karentb; DANIEL M. RATNER; Philip J. Reid
**Subject:**         Land acknowledgment statement in your course syllabus
**Attachments:**     CSE143-syllabus-Winter2022.pdf

Hi Stuart,

I ask that you remove the "land acknowledgment" statement from your course syllabus immediately. It is offensive and it creates a toxic environment in your course, which is a required course in our major.

You are welcome to voice your opinion and opposition to land acknowledgments, as you have, in other settings. The current statement in your course syllabus is inappropriate and must be removed.

For context, I'm attaching the course syllabus that I just downloaded from your course website.

regards,

magda

# EXHIBIT 2


**COLLEGE OF ENGINEERING**
UNIVERSITY *of* WASHINGTON

July 11, 2022

Associate Professor Louisa Mackenzie, Department of French and Italian Studies
Professor Steve Muench, Department of Civil and Environmental Engineering
Professor Eric Schnapper, School of Law

Dear Professors Mackenzie, Muench and Schnapper,

Thank you for agreeing to serve on a special investigating committee regarding Teaching Professor Stuart Reges of the Allen School of Computer Science and Engineering in the College of Engineering.  Because meetings held in accordance with Faculty Code Sections 25-71.B and 25-71.D have failed to result in a mutually agreeable resolution, I am initiating Faculty Code Section 25-71.D.3.  Pursuant to that section, "the dean shall appoint a special investigating committee of three faculty members who are not directly involved in the matter being considered. The committee shall assist the dean in the informal and confidential gathering of information and documentation and shall advise the dean in its interpretation."  A copy of Faculty Code Section 25-71 is enclosed for your reference.  Each of you has indicated that you are not directly involved in the matter being considered.  Therefore, I hereby appoint you to this committee pursuant to Faculty Code Section 25-71.D.3.

<u>Background</u>
The allegations, concern Teaching Professor Reges' conduct in course instruction and in email communications using university resources which may be a violation of University policies.

Specifically, the allegations are:
- Unwelcome and unsolicited language or conduct that is of a personal/non-technical nature and that is sufficiently severe, persistent, and pervasive that it could reasonably be expected to create an intimidating, hostile, or offensive working or learning environment, or has the purpose or effect of unreasonably interfering with an individual's academic or work performance. Examples include, but are not limited to, the following.

  o In his Winter 2021 CSE 143 syllabus, Reges listed an "Indigenous Land Acknowledgement" as:
    "I acknowledge that by the labor theory of property the Coast Salish people can claim historical ownership of almost none of the land currently occupied by the University of Washington." After multiple students complained to Allen School leadership that this content was offensive, Reges refused to remove it even though it was a disruption to his class and unrelated to the course's learning objectives.  The Allen School Director removed the content to avoid further disruption, so there was no need for further resolution.  However, Reges indicated in at least two different emails to mailing lists that include the Allen School Director and many others that he intended to include this statement again in his Spring 2022 course syllabus. This has prompted new complaints and expressions of concern from Allen School community members, and threatens to again cause a disruption to the delivery of course material to our students.

  o During the week of February 21, 2022, multiple reports to the university bias-reporting tool alleged discrimination and harassment related to an email Reges sent

through the "diversity-allies" listserv regarding the land acknowledgment statement for his course syllabi.  His comments have been deemed, by multiple Allen School community members, as offensive and creating an intimidating and hostile work environment and/or learning environment, as noted below from their reports:

- "Stuart Reges posted an article on diversity-allies about anti-indigenous 'land acknowledgements'. This vandalizes the diversity-allies space by running counter to its stated objectives, and amounts to an attack that harasses Indigenous individuals, including students, staff, and faculty and runs counter to the Allen School's DEI goals."

- "Stuart Reges sent an article on an Allen School mailing list, describing plans to write an anti-Indigenous land acknowledgement into his Spring quarter syllabus paper handout. This goes against the Allen School's commitment to "create an inclusive environment for people of all backgrounds", Article 20 of the Academic Student Employee contract, and the requirement that UW be 'an environment that fosters respect for all members of the University community'."

- "Mr. Reges' Land Acknowledgement Statement is reasonably attributable to the university as it is being forced on students in a required course taught by a faculty member that we are paying to teach there. If Mr. Reges is allowed to continue to teach, and to distribute his land acknowledgement statement in a paper form where students will be required to see it, the university is supporting his beliefs and agreeing that they belong in an introductory computer science course."

- On February 25, 2022, the Allen School Director received a communication from the elected UAW 4121 reps, representing Allen School academic student employees, both graduate and undergraduate.  They have expressed to her directly that Mr. Reges' actions throughout Winter quarter 2021 promoted an un-inclusive workplace environment. They argue that his conduct violates "Article 20: Non-Discrimination and Harassment" of their collective bargaining agreement with the University of Washington, as quoted below:

> "The Employer and the Union agree that all employees should work in an environment that fosters mutual respect and professionalism. The parties agree that all employees should be free from everyday exchanges—including words and actions—that denigrate or exclude individuals based on their membership in a group or class[…] Inappropriate workplace behavior by ASEs, Faculty, supervisors and/or managers will not be tolerated."

The union also reports that: "We have heard from TAs who no longer feel comfortable mentioning their own views on topics related to land acknowledgements and DEI, for fear of retaliation from Stuart Reges.  We have heard from other ASEs whose feelings of belonging in the Allen School have been negatively impacted by the fact that Stuart Reges' behavior has been allowed to continue."

Teaching Professor Reges has expressed that he believes that the allegations concern protected speech.

Committee Charge

Pursuant to Faculty Code Section 25-71.D.3, I ask that you, as the special investigating committee, assist me in the informational and confidential gathering of information and documentation and advise me in its interpretation.

The allegations, if true, may constitute a violation of Faculty Code Sections 24-33 and 25-71A and UW's policy on providing a safe workplace. The possibility of an unwelcome, hostile or offensive academic environment may also arise if the faculty member fails to separate clearly personal interests from his or her professional decision-making.

As you conduct your review, please consider whether any of the above-referenced policies, or any other relevant policies of the University or the Allen School, may have been violated.
Please review the documents provided related to this case and the relevant sections of Faculty Code Section 25-71. If the Committee determines that it needs additional information and/or determination from others, it should gather these additional materials and/or schedule any witness interviews it deems necessary.

Magda Balazinska, Allen School Director, would be available to answer any questions you might have regarding this complaint. She can be reached at magda@cs.washington.edu.

I would appreciate it if you would be able to complete your investigation by August 16, 2022. Once you have completed your investigation, please schedule a meeting with me to discuss the results of your work and your interpretation.

Please treat this matter as strictly confidential and remind those from whom you gather information to treat this matter confidentially. I have asked Ms. Aileen Trilles, CoE HR Senior Director, to be available to you for consultation regarding any process questions you may have. Ms. Trilles can be reached at avt@uw.edu or via Teams.

Thank you for your assistance in this matter.

Sincerely,

Nancy Allbritton
Frank & Julie Jungers Dean of Engineering

Attachment:    1. Bias Incident Report
               2. 25-71 Notification
               3. 25-71 Resolution Agreement
               4. Native faculty and staff statement (Email)

Cc:  Magda Balazinska, Director, Allen School of Computer Science and Engineering
     Aileen Trilles, Senior Director of Human Resources, College of Engineering
     Jihui Yang, Vice Dean

# EXHIBIT 3



# COLLEGE OF ENGINEERING

UNIVERSITY *of* WASHINGTON

June 13, 2023

Teaching Professor Stuart Reges
Paul G. Allen School of Computer Science & Engineering
reges@uw.edu

Dear Professor Reges,

The purpose of this letter is to notify you of the conclusion of the Faculty Code Section 25-71 process, as well as notify you of the determinations made as a result of that process.  As you know, this process began with a discussion on March 8, 2022, that included you; Magdalena Balazinska, the Director of the Paul G. Allen School of Computer Science & Engineering; Dan Grossman, the Vice Director of the Allen School; and Aileen Trilles, Senior Director of Human Resources.  That conversation was followed with a letter to you from Director Balazinska dated March 9, 2022, proposing a resolution to the 25-71 process without further proceedings.  Based on your rejection of that proposal on March 9, 2022, the matter was escalated to my attention and, after meeting separately with you and with Director Balazinska, I moved forward with the formation of a Special Investigating Committee ("SIC") under the Faculty Code.

The SIC was composed of three faculty members with no connection to the incidents that gave rise to your potential violations of Executive Order 31, which prohibits discrimination or harassment against members of the University of Washington community; Faculty Code Sections 24-33 and 25-71A, UW's policy on providing a safe workplace; and the collective bargaining agreement between the University and the United Auto Workers which represents academic student employees ("ASEs").

The SIC's investigation established the following facts and provisional conclusions, based on multiple interviews with directly affected parties including staff and students, and on review of contemporaneous documents and of your public statements about this matter:

- In September 2020, the Allen School released an updated version of its UW Allen School Best Practices for Inclusive Teaching ("Best Practices Guide"), a series of suggestions to be considered in preparing and delivering courses so that teaching is as effective as possible for all students.  One section of the document addresses syllabi and offers several statements of inclusion that may be used in syllabi to foster an inclusive learning environment (including a statement acknowledging students of diverse backgrounds, a statement acknowledging students with disabilities, a statement acknowledging students of all religions, etc.).  One of those statements offered for consideration is an Indigenous Land Acknowledgment: "The University of Washington acknowledges the Coast Salish peoples of this land, the land which touches the shared waters of all tribes and bands within the Suquamish, Tulalip and Muckleshoot nations."  This statement was not mandated for inclusion on syllabi.

- On December 8, 2021, in response to an email from another professor posted on the "diversity-allies" listserv, you announced your intention to include a different statement on your Winter Quarter 2022 class syllabus: "I acknowledge that by the labor theory of property the Coast Salish people can claim historical ownership of almost none of the land currently occupied by the University of Washington."  No action was taken to prevent you from including this statement on your syllabus at that time, in part because the faculty members who were aware of your stated intention did not believe that you would in fact include such a statement on your syllabus.

- You included your version of a land acknowledgment statement on the syllabus for your Computer Science and Engineering 143: Computer Programming II class for Winter Quarter 2022, as you had announced you would.

- The inclusion of your land acknowledgement statement on your syllabus created an immediate and significant disruption to the University teaching environment.  This disruption was evidenced by:

  - Numerous student and staff complaints regarding what they considered to be the denigrating nature of the statement on your syllabus;
  - The direct impact of the inclusion of the statement on your syllabus on Native American members of the University community, including, for example:
    - One Native American student feeling compelled to take a leave of absence from the University;
    - One Native American student feeling compelled to drop out of the University; and
    - Multiple Native American students expressing the view that the inclusion of the statement on your syllabus made them feel that they were being targeted in a manner that would disadvantage them in their education.

- The SIC found that, based on the land acknowledgment statement on your syllabus, the concerns expressed by students and staff were serious and well founded.  Faculty have a professional duty to create a positive learning environment for all students.  A course syllabus is a key document in establishing the nature of that environment.  The SIC noted that the actions of a faculty member that appear to deliberately denigrate certain members of the community in the context of a pedagogical relationship raise a legitimate concern for students and staff.

- In response to the complaints regarding your land acknowledgment statement on your syllabus, Director Balazinska sent an email to you notifying you of the disruption that your inclusion of the statement was causing, and requesting that you remove the statement from your syllabus.  In that email, Director Balazinska expressly indicated that you were welcome to express your views in other settings, but that it was inappropriate to include the statement on a syllabus for a required course in the major.

- By email on the same day, you refused to remove the statement from your syllabus and pointed out that other professors had included land acknowledgment statements whose language differed from the language suggested in the Allen School Best Practices document.

- In response, Director Balazinska indicated that, although no other language included by other professors had caused any disruption, she would ask other professors who included language other than that suggested in the Allen School Best Practices to remove their versions and/or use the suggested language instead.

- Director Balazinska did, in fact, contact other faculty members when you complained that their land acknowledgment statements differed from the suggested statement, and each of those other faculty members amended their syllabi either immediately or at the start of the following quarter.

- In the correspondence regarding this matter, you never addressed or acknowledged the disruption that the inclusion of your land acknowledgment statement on your course syllabus had caused.

- In response to the disruption caused by the inclusion of your land acknowledgment statement on your syllabus and your refusal to remove that language from the syllabus, Director Balazinska took the following actions:

  o She instructed the IT department to take down the online version of your syllabus and replaced that version with one that did not include any land acknowledgment statement.
  o She worked with the Allen School of Computer Science & Engineering to offer another section of CSE 143: Computer Programming II for Winter Quarter 2022, taught by a different professor to accommodate students who indicated that they could not continue taking the class from you. One hundred fifty-seven students chose to take that alternative section and many did so because of what they regarded as the denigrating nature of your statement.
  o She apologized to the class for any students who were offended by the language in your land acknowledgement statement.
  o She worked with the Allen School to offer in Spring Quarter of 2022 another section of CSE 142; 178 students chose to take that alternative section rather than remain in your class, and many did so because of what they regarded as the denigrating nature of your statement.

- Neither Director Balazinska nor anyone else at the University restricted your ability to express your views or publicize your land acknowledgement statement outside the context of your course syllabus, where it had actually caused a significant disruption.  You continued to publicize your land acknowledgment statement in multiple ways, including in the

signature block of your university emails and by posting it outside the door to your University office.

- The SIC determined that Director Balazinska acted in a fair, balanced, and consistent manner, and that her response was appropriate.  She acted to protect students and ASEs from being required to read, as part of an official syllabus, a statement which students and ASEs reasonably regarded as a denigrating remark about Native Americans, while leaving you free to express in any other context your views about Native Americans or about University policies and practices.  She likewise asked other instructors to remove statements that might have been considered alienating to conservative students.

- Following the actions taken by Director Balazinska, you still refused to address or acknowledge the disruption to the learning environment caused by the inclusion of your land acknowledgement statement in your course syllabus.  Instead, on February 23, 2022, you sent an email to the Allen School's diversity-allies listserv and expressed your intent to again include your land acknowledgement statement in the syllabus for your Spring Quarter class.

- On March 2, 2022, in accordance with the Faculty Code and in response to the numerous complaints from both students and staff regarding your behavior, Director Balazinska sent a letter to you requesting a meeting to discuss whether your actions violated University policies and to propose a resolution to the situation.

- On March 8, 2022, you met with Director Balazinska, Vice Director Dan Grossman, and Aileen Trilles.  At that meeting you requested that any proposed resolution be delivered in writing.

- On March 9, 2022, Director Balazinska sent a letter memorializing a proposed resolution to the situation.  The material terms of that proposal were as follows:

  o You acknowledge and agree that as an Allen School faculty member, you will interact with peers, staff, and students in a way that:
    - Demonstrates respect toward all and encourages a spirit of respect in all interactions and forums;
    - Creates and maintains a professional, positive, and welcoming environment that is conducive to learning, teaching, research, and service; and
    - If expressing dissent or attempting to produce change in the workplace, does so while remaining respectful to all, and in a way that maintains a professional, positive, welcoming, and supportive environment.
  o You agree not to include the statement that you have called your version of the land acknowledgment that was published in the CSE 143 Winter 2022 online course syllabus and in the online and print copy of the CSE 142 Spring 2022 syllabus in future course syllabi.
  o You agree that you will avoid any retaliation (even the appearance of same) against anyone whom you believe is involved with the allegations that Director Balazinska discussed with you at the Section 25-71 meeting. Behavior that is perceived as retaliatory might lead to further proceedings.

- On March 10, 2022, you sent a response to this proposal which stated, "Thank you for taking the time to put your proposed resolution in writing.  I respectfully decline the offer."  You did not propose any alternative resolution or seek any accommodation.

As a result of your refusal of the proposed resolution and your refusal to engage in further discussion, in accordance with the Faculty Code, I initiated an investigation under Section 25-71. Based on the factual findings above, the SIC concluded that your actions likely violated multiple University policies, including Executive Order 31, as well as Section 24-33 of the Faculty Code.

It is my expectation that our faculty members interact with peers and other members in the academic community, especially students, in a way that demonstrates respect for their colleagues and students.  To maintain an effective learning environment, University faculty should encourage a spirit of respect in all interactions and forums, and create a safe and healthy environment that is conducive to teaching, research and service.  Based on the SIC's findings, it is clear that your actions have failed to meet these expectations.

Of particular note and import are the SIC's findings that your actions harmed students and that you chose to escalate controversy even when made aware of this harm.  This conclusion was based on your refusal to acknowledge or address the disruptions cause by your actions and the impact those disruptions had on the student body and fellow faculty members.  The University has not interfered generally with your right to express your views, even in connection with what appears to be an intentionally provocative land acknowledgment statement that many find demeans the Native American members of our community.  The University has merely asked that you refrain from including your land acknowledgement statement within the academic setting of course work where that particular expression has directly caused a disruption to the University's core mission of teaching and allowing students to learn.

Despite the conclusion that your actions likely violate University policy, I will decline to impose any sanction at this time.  Therefore, your merit, which has been automatically held in abeyance pending this investigation in accordance with University policy, will be reinstated and you will receive merit for AY 2021-22 and AY 2022-23.  This forbearance is because, while your actions have been rationally viewed by many in the community, including students and faculty, to be intended as a political stunt in an effort at self-aggrandizement, I will not at this time fully discount your assertion that your actions were intended to generate discussion, rather than merely to denigrate members of the community and cause disruption to garner attention for yourself.

It is clear, though, that your land acknowledgment statement has, in fact, caused significant disruption and will likely continue to do so when included in a purely academic setting, such as on a syllabus or in connection with the teaching of computer science courses.  And there can be no question that you are now fully aware of that disruption.  As a result, if you include this statement in the future, and if that inclusion leads to further disruption, I will have no option

but to conclude that your intent is to cause deliberate offense and further that disruption, and view that as an intentional violation of Executive Order 31, as well as Section 24-33 of the Faculty Code.  In that event, the University will proceed with next steps in accordance with the Faculty Code.  You are, of course, free to continue to express your political views (including by publicizing your land acknowledgment statement) in other ways and in other venues that are not disruptive to the academic mission of the University, as you have done in the past.

Sincerely,

Nancy Allbritton
Frank & Julie Jungers Dean
College of Engineering


CC:     Magda Balazinska, Director, Paul G. Allen School of Computer Science & Engineering
        Aileen Trilles, Senior Director, Human Resources, College of Engineering