UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| STUART REGES,<br><br>*Plaintiff,*<br><br>v.<br><br>ANA MARI CAUCE, et al.,<br><br>*Defendants.* | Civil Action No.: 1:22-cv-00964-JHC<br><br>**DECLARATION OF GABRIEL WALTERS** |

Pursuant to 28 U.S.C. § 1746, I, Gabriel Walters, declare the following:

1. I am a citizen of the United States. I am over 18 years of age and fully competent to make this declaration. I knowingly and voluntarily make this declaration in support of Plaintiff's Motion for Summary Judgment. If called as a witness, I could and would testify competently under oath to the following facts based on my personal knowledge.

2. I am lead counsel for Plaintiff in this action. I am admitted to the Bar of the State of New York and the District of Columbia.

3. The following documents, attached as exhibits to this Declaration, are authenticated as identified below:

   a. Ex. A is a true and correct copy of excerpts from the deposition transcript of Chadwick Allen, the University of Washington's Federal Rule of Civil Procedure 30(b)(6) designated witness. I took the deposition.

1

b.     Ex. B is a true and correct copy of UW's Office of Minority Affairs and Diversity "About OMA&D" website. Defendant Magdalena Balazinska authenticated this exhibit at her deposition. [Ex. G, Balazinska Dep. Tr. at 58:21–65:4.] Counsel of record James Diaz downloaded this document from the UW website and prepared this exhibit for use at her deposition.

c.     Ex. C is a true and correct copy of Defendants' joint Responses to Plaintiff's First Set of Requests for Admission, served on Plaintiff in discovery in this litigation.

d.     Ex. D is a true and correct copy of an email from Defendant Balazinska, dated January 13, 2022, with attachment. Defendant Balazinska produced the document at Bates range UW_Reges_0001615–1621 in discovery in this litigation. She authenticated it at her deposition. [Ex. G, Balazinska Dep. Tr. at 46:1–9.]

e.     Ex. E is a true and correct copy of Plaintiff Stuart Reges's Computer Science & Engineering 143 Computer Programming II syllabus from the Winter Quarter 2022. Defendant Balazinska produced the document at Bates range UW_Reges_0001397–1398 in discovery in this litigation. She authenticated it at her deposition. [Ex. G, Balazinska Dep. Tr. at 90:8–23.]

f.  Ex. F is a true and correct copy of an email thread that Defendant Balazinska produced at Bates range UW_Reges_0000062–66 in discovery in this litigation. She authenticated it at her deposition. [Ex. G, Balazinska Dep. Tr. at 62:5–63:15.]

g.  Ex. G is a true and correct excerpted copy of the transcript of Defendant Balazinska's deposition. I was present for the deposition. Washington Certified Court Reporter Peggy Fritschy Hamilton provided me with a copy of the transcript, which she transcribed.

h.  Ex. H is a true and correct copy of an email thread that Defendant Balazinska produced at Bates stamp UW_Reges_0001063 in discovery in this litigation. She authenticated it at her deposition. [Ex. G, Balazinska Dep. Tr. at 116:25–120:2.]

i.  Ex. I is a true and correct copy of an email thread that Defendant Balazinska produced at Bates range UW_Reges_0002406–2407 in discovery in this litigation. She authenticated it at her deposition. [Ex. G, Balazinska Dep. Tr. at 128:6–129:15.]

j.  Ex. J is a true and correct copy of an email thread that Defendant Nancy Allbritton produced at Bates range UW_Reges_0000032–34 in discovery in this litigation. She authenticated it at her deposition. [Ex. JJ, Allbritton Dep. Tr. at 50:24–53:11.]

k.  Ex. K is a true and correct copy of UW Faculty Code Chapter 25 that I downloaded from the online UW Policy Directory. The UW College

of Engineering senior director of human resources, Aileen Trilles, authenticated this exhibit at her deposition.

l. Ex. L is a true and correct copy of an email thread that Defendant Balazinska produced at Bates stamp UW_Reges_0001424 in discovery in this litigation. She authenticated it at her deposition. [Ex. G, Balazinska Dep. Tr. at 146:14–147:9.]

m. Ex. M is a true and correct copy of an online message posted by the Allen School in lieu of Plaintiff Reges's online Winter Quarter 2022 CSE 143 syllabus. Defendant Balazinska produced this document at Bates stamp UW_Reges_0001802 in discovery in this litigation. She authenticated it at her deposition. [Ex. G, Balazinska Dep. Tr. at 153:10–25.]

n. Ex. N is a true and correct copy of an email thread that Defendant Balazinska produced at Bates range UW_Reges_0005353–5362 in discovery in this litigation.

o. Ex. O is a true and correct copy of a post the Allen School made on Twitter on January 4, 2022. I downloaded the post from Twitter.

p. Ex. P is a true and correct copy of an email that Defendant Balazinska produced at Bates stamp UW_Reges_0001294 in discovery in this litigation. She authenticated it at her deposition. [Ex. G, Balazinska Dep. Tr. at 96:1–97:19.]

q. Ex. Q is a true and correct copy of an email thread that Defendant Balazinska produced at Bates range UW_Reges_0005997–6000 in discovery in this litigation. She authenticated it at her deposition. [Ex. G, Balazinska Dep. Tr. at 175:21–177:12.]

r. Ex. R is a true and correct copy of an email that Defendant Balazinska produced at Bates stamp UW_Reges_0000607 in discovery in this litigation. She authenticated it at her deposition. [Ex. G, Balazinska Dep. Tr. at 173:2–174:4.]

s. Ex. S is a true and correct copy of an email thread that Defendant Balazinska produced at Bates range UW_Reges_0001714–1718 in discovery in this litigation.

t. Ex. T is a true and correct copy of Defendant Balazinska's Responses to Plaintiff's First Set of Interrogatories, served on Plaintiff in discovery in this litigation.

u. Ex. U is a true and correct copy of Defendant Grossman's Responses to Plaintiff's First Set of Interrogatories, served on Plaintiff in discovery in this litigation.

v. Ex. V is a true and correct excerpted copy of the transcript of Plaintiff Reges's deposition. I was present for the deposition. Washington Certified Court Reporter Thad Byrd provided me with a copy of the transcript, which he transcribed.

w.  Ex. W is a true and correct copy of an email thread that Defendant Balazinska produced at Bates range UW_Reges_0005255–5256 in discovery in this litigation She authenticated it at her deposition. [Ex. G, Balazinska Dep. Tr. at 187:8–188:11.]

x.  Ex. X is a true and correct copy of an email thread that Defendant Grossman produced at Bates range UW_Reges_0002570–2573 in discovery in this litigation. He authenticated it at his deposition. [Ex. Y, Grossman Dep. Tr. at 198:8–199:8.]

y.  Ex. Y is a true and correct excerpted copy of the transcript of Defendant Grossman's deposition. Washington Certified Court Reporter Lauren Harty provided me with a copy of the transcript, which she transcribed.

z.  Ex. Z is a true and correct copy of an email thread that Defendant Grossman produced at Bates range UW_Reges_0002587–2588 in discovery in this litigation.

aa.  Ex. AA is a true and correct copy of an email thread produced by Defendant Balazinska at Bates range UW_Reges_0005132–5133 in discovery in this litigation. Defendant Grossman, as a recipient of the email thread, authenticated it at his deposition. [Ex. Y, Grossman Dep. Tr. at 192:21–198:6.]

bb.  Ex. BB is a true and correct copy of an email thread that Defendant Balazinska produced at Bates range UW_Reges_0005232–5234 in

      discovery in this litigation. Defendant Grossman authenticated it at his deposition. [Ex. Y, Grossman Dep. Tr. at 171:12–172:19.]

cc.    Ex. CC is a true and correct copy of an email that Defendant Balazinska produced at Bates stamp UW_Reges_0000974 in discovery in this litigation. She authenticated it at her deposition. [Ex. G, Balazinska Dep. Tr. at 190:16–191:24.]

dd.    Ex. DD is a true and correct copy of an email thread that Defendant Balazinska produced at Bates range UW_Reges_0004330–4332 in discovery in this litigation. She authenticated it at her deposition. [Ex. G, Balazinska Dep. Tr. at 199:20–203:15.]

ee.    Ex. EE is a true and correct copy of an email, with attachment, that Defendant Balazinska produced at Bates range UW_Reges_0001018–1021 in discovery in this litigation. She authenticated it at her deposition. [Ex. G, Balazinska Dep. Tr. at 203:16–204:13.]

ff.    Ex. FF is a true and correct copy of an email attachment that Defendant Allbritton produced at Bates range UW_Reges_0000898–900 in discovery in this litigation. She authenticated it at her deposition. [Ex. JJ, Allbritton Dep. Tr. at 192:8–25.]

gg.    Ex. GG is a true and correct copy of UW Executive Order 31 that I downloaded from the online UW Policy Directory.

hh.    Ex. HH is a true and correct copy of an email with attachment, that Defendant Balazinska produced at Bates range UW_Reges_0001071–

       1073 in discovery in this litigation. She authenticated it at her deposition. [Ex. G, Balazinska Dep. Tr. at 220:17–221:10.]

ii. Ex. II is a true and correct copy of an email attachment that Defendant Allbritton produced at Bates range UW_Reges_0000896–897 in discovery in this litigation. She authenticated it at her deposition. [Ex. JJ, Allbritton Dep. Tr. at 193:1–193:16.]

jj. Ex. JJ is a true and correct excerpted copy of the transcript of Defendant Allbritton's deposition. Washington Certified Court Reporter Peggy Fritschy Hamilton provided me with a copy of the transcript, which she transcribed.

kk. Ex. KK is a true and correct copy of an email that Defendant Allbritton produced at Bates range UW_Reges_0007693–7695 in discovery in this litigation.

ll. Ex. LL is a true and correct copy of an email attachment produced by Defendant Allbritton at Bates range UW_Reges_0000887–890 in discovery in this litigation. She authenticated it at her deposition. [Ex. JJ, Allbritton Dep. Tr. at 185:15–22.]

mm. Ex. MM is a true and correct copy of an email that Defendant Allbritton produced at Bates stamp UW_Reges_0000884 in discovery in this litigation. She authenticated it at her deposition. [Ex. JJ, Allbritton Dep. Tr. at 183:11–184:11.]

nn.  Ex. NN is a true and correct copy of an email attachment that Defendant Allbritton produced at Bates range UW_Reges_0000885–886 in discovery in this litigation. She authenticated it at her deposition. [Ex. JJ, Allbritton Dep. Tr. at 190:15–191:12.]

oo.  Ex. OO is a true and correct copy of Defendant Allbritton's Responses to Plaintiff's First Set of Interrogatories, served on Plaintiff in discovery in this litigation.

pp.  Ex. PP is a true and correct excerpted copy of the transcript of Eric Schnapper's Federal Rule of Civil Procedure 30(b)(6) deposition. I took the deposition. Washington Certified Court Report Leslie Post provided me with a copy of the transcript, which she transcribed.

qq.  Ex. QQ is a true and correct copy of a letter dated June 13, 2023, that Defendant Allbritton sent to Plaintiff Reges during the discovery phase of this litigation. She authenticated it at her deposition. [Ex. JJ, Allbritton Dep. Tr. at 89:12–90:25.]

rr.  Ex. RR is a true and correct copy of a document that Defendants produced at Bates range UW_Reges_0008751–8773 in discovery in this litigation. Defendants authenticated it in their joint Responses to Plaintiff's First Set of Requests for Admission. [Ex. C, Defs.' Resps. to Pl.'s First Set of Reqs. For Admis. at 5:15–26.]

ss.  Ex. SS is a true and correct copy of an email that Defendant Allbritton produced at Bates range UW_Reges_0004324–4325 in discovery in

this litigation. Defendant Balazinska received the email and authenticated the document at her deposition. [Ex. G, Balazinska Dep. Tr. at 243:25–244:16.]

4. The documents that were produced by Defendants in discovery in this litigation are deemed authenticated pursuant to *Orr v. Bank of Am.*, 285 F.3d 764, 777 n.20 (9th Cir. 2002) (citing *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 n.12 (9th Cir. 1996), for the proposition that "documents produced by a party in discovery [are] authentic when offered by the party-opponent"); *accord Martinez v. England*, 221 F. App'x 575, 577 (9th Cir. 2007) (holding district court did not abuse its discretion in admitting evidence which the plaintiff "himself produced or relied on"); *Romero v. Nev. Dep't of Corrs.*, 673 F. App'x 641, 647 (9th Cir. 2016) (Thomas, C.J., concurring in part and dissenting in part) (citations omitted) ("[A] longstanding rule of authentication is that documents may be authenticated by having been produced in discovery.")

I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge.

Executed on December 18, 2023.

s/ *Gabriel Walters*
GABRIEL WALTERS

## **CERTIFICATE OF SERVICE**

Plaintiff's counsel confirms that a true and correct copy of the foregoing was served via the Court's electronic filing system on this day, December 18, 2023. Notice of this filing will be sent by operation of the Court's electronic filing system.

DATED: December 18, 2023

Respectfully submitted,

| | |
|---|---|
| *s/Gabriel Walters* <br> GABRIEL WALTERS* <br> DC Bar No. 1019272 <br> JAMES DIAZ* <br> VT Bar No. 5014 <br> FOUNDATION FOR INDIVIDUAL RIGHTS <br>   AND EXPRESSION <br> 510 Walnut Street, Suite 1710 <br> Philadelphia, PA 19106 <br> Tel: (215) 717-3473 <br> gabe.walters@thefire.org <br> jay.diaz@thefire.org | ROBERT A. BOUVATTE, JR. <br> WA Bar No. 50220 <br> ROBERT A. BOUVATTE, PLLC <br> P.O. Box 14185 <br> Tumwater, WA 98511 <br> Tel: (564) 999-4005 <br> bob@rbouvattepllc.com |

*Admitted *Pro Hac Vice* <br>
*Attorneys for Plaintiff*