*Reges v. Cauce, et al.*

# Exhibit C
# to Declaration of
# Gabriel Walters

Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STUART REGES,

    Plaintiff,

v.

ANA MARI CAUCE, in her official capacity as President of the University of Washington; MAGDALENA BALAZINSKA, in her official and individual capacities as Director of the Paul G. Allen School of Computer Science & Engineering; DANIEL GROSSMAN, in his official and individual capacities as Vice Director of the Paul G. Allen School of Computer Science & Engineering; and NANCY ALLBRITTON, in her official and individual capacities as Dean of the College of Engineering,

    Defendants.

Case No. 2:22-cv-00964-JHC

**DEFENDANTS ANA MARI CAUCE, NANCY ALLBRITTON, MAGDALENA BALAZINSKA, AND DANIEL GROSSMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

DEFENDANTS' RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS
FOR ADMISSION
Case No. 2:22-cv-00964-JHC

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
tel+1-206-839-4300

Under Rule 34 of the Federal Rules of Civil Procedure, Defendants Ana Mari Cauce, Nancy Allbritton, Magdalena Balazinska, and Daniel Grossman ("Defendants") submit the following objections and responses to Plaintiff Stuart Reges' First Set of Requests for Admission.

## I.   PRELIMINARY STATEMENT

Defendants have responded to these Requests for Admission based upon information known to them at the time of these Objections and Responses. Defendants reserve the right to supplement these responses if additional information becomes known, and further reserve their right to amend or make additional objections as appropriate. These responses are also without prejudice to Defendants' right to use or rely at trial on subsequently discovered information or on information omitted from these responses as a result of good faith oversight, error, or mistake.

No incidental or implied admissions are intended by these responses. That Defendants have responded or objected to any Request is not an admission that Defendants accept or admit to the existence of any facts assumed by such Request, or that the response or objection constitutes admissible evidence. That Defendants have answered part or all of any Request is not intended to be, and shall not be construed as, a waiver of any part of any objection to any Request.

## II.   GENERAL OBJECTIONS

1. Defendants object to Plaintiff's Requests to the extent that they seek information protected from disclosure by the attorney–client privilege, the work-product doctrine, or any other applicable privileges, doctrines, and immunities. To the extent Defendants inadvertently respond to a Request that falls under any applicable privilege, Defendants do not waive the applicable privilege. To the extent Defendants respond to any Request falling within any applicable privilege or that would be subject to objection and it is later held that Defendants waived the applicable privilege, Defendants waive the applicable privilege only to the extent of the response.

2. Defendants object to Plaintiff's Requests to the extent that they are vague, ambiguous, overbroad in scope, unduly burdensome, oppressive, seek information that is not relevant to this litigation and proportional to the needs of the case, considering the importance of the issues, the amount in controversy, the parties' relative access to information, the parties'

ALLBRITTON'S RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION
Case No. 2:22-cv-00964-JHC

1

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98104-7097
tel+1-206-839-4300

resources, the importance of the discovery on resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4. Defendants object to each Request to the extent that it contains subparts and/or a compound, conjunctive, or disjunctive question.

6. Defendants object to each Request to the extent it seeks to obtain information outside Defendants' personal knowledge, possession, custody, or control. Defendants will respond to the Requests, subject to other objections, relying on information or documents with Defendants' possession, custody, or control that can be found after a reasonable search.

7. Defendants object to the Definitions and General Instructions, to the extent they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Court's Orders.

8. Defendants object to each Request to the extent it calls for the identification of students or others whose privacy is protected by statute. Defendants' responses will exclude statutorily protected information or make production subject to the entry of an appropriate protective order.

## REQUESTS FOR ADMISSION

**Request for Admission No. 1**

Land acknowledgment statements have been a subject of public debate, at least since December 8, 2021.

**Response:** In addition to their General Objections, Defendants object to this request as vague and ambiguous because it is unclear how it uses the terms "subject" and "public debate" in this context, and Plaintiff has not specifically defined the terms.

In light of their objections, Defendants responds as follows: admitted.

**Request for Admission No. 2**

Professor Reges's job duties include writing syllabi for the courses he teaches.

2

DEFENDANTS' RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS
FOR ADMISSION
Case No. 2:22-cv-00964-JHC

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
tel+1-206-839-4300

**Response:** In addition to their General Objections, Defendants object to this request as vague and ambiguous because it is unclear how it uses the term "writing syllabi" in this context, including but not limited to whether such term encompasses the university-prescribed guidelines for course syllabi.

In light of their objections, Defendants admit that professors' responsibilities include creating syllabi for their courses, which must be approved by the faculty who have collective responsibility over the curriculum, in accordance with the faculty code. Defendants otherwise deny the request for admission.

**Request for Admission No. 3**

Defendants investigated Professor Reges because of student, faculty, and staff complaints about the content of Plaintiff's land acknowledgment statement.

**Response:** In addition to their General Objections, Defendants object to this request as vague and ambiguous because Defendants did not investigate Plaintiff.  Defendants further object to this request as vague and ambiguous because it is unclear how it uses the terms "content," and Plaintiff has not specifically defined the term.

Defendants deny that any Defendant conducted an investigation of Plaintiff, which was conducted by the Special Investigating Committee ("SIC"). Defendant Allbritton appointed the SIC members in accordance with the processes laid out in the Faculty Handbook in response to a referral from Defendant Balazinska. The investigation was occasioned by Plaintiff's announcement that he intended to include his land acknowledgement statement on his Spring 2022 syllabus after the inclusion of that statement on his Winter 2022 Syllabus had generated a significant disruption to the academic environment. Defendants otherwise deny this request for admission.

**Request for Admission No. 4**

Defendants' evidence of "disruption," as you understand that term, is limited to

3

DEFENDANTS' RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS
FOR ADMISSION
Case No. 2:22-cv-00964-JHC

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
tel+1-206-839-4300

(1) student, faculty, and staff complaints about the content of Plaintiff's land acknowledgment statement; (2) "one Native American student feeling compelled to take a leave of absence from the University; (3) one Native American student feeling compelled to drop out of the University; and (4) multiple Native American students expressing the view that the inclusion of the statement on [Plaintiff's] syllabus made them feel that they were being targeted in a manner that would disadvantage them in their education." Letter from Nancy Allbritton, Dean, University of Washington College of Engineering, to Stuart Reges, Teaching Professor, Paul G. Allen School of Computer Science and Engineering (June 13, 2023).

**Response:** In addition to their General Objections, Defendants object to this request as vague and ambiguous because it is unclear how it uses the terms "content," and Plaintiff has not specifically defined the term.

In light of their objections, Defendants responds as follows: denied.

**Request for Admission No. 5**

Student, faculty, and staff complaints about Plaintiff's land acknowledgment statement are based on those complainants' own reactions to the content of Plaintiff's land acknowledgment statement.

**Response:** In addition to their General Objections, Defendants object to this request as vague and ambiguous because it is unclear how it uses the terms "content," and Plaintiff has not specifically defined the term. Defendants further object to this request as calling for speculation and seeking information of third parties.

In light of their objections, Defendants responds as follows: denied.

**Request for Admission No. 6**

Students expressing the view that the inclusion of Plaintiff's land acknowledgment statement on Plaintiff's syllabus made them feel that they were being targeted in a manner that would disadvantage them in their education is based on those students' own reactions to the

4

DEFENDANTS' RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS
FOR ADMISSION
Case No. 2:22-cv-00964-JHC

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
tel+1-206-839-4300

1  content of Plaintiff's land acknowledgment statement.

2  **Response:** In addition to their General Objections, Defendants object to this request as
3  vague and ambiguous because it is unclear how it uses the terms "content," and Plaintiff has not
4  specifically defined the term. Defendants further object to this request as calling for speculation
5  and seeking information of third parties.

6  In light of their objections, Defendants responds as follows: denied.

**Request for Admission No. 7**

The SIC did not interview students, faculty, or staff who did not complain about Plaintiff's land acknowledgment statement.

**Response:** In addition to their General Objections, Defendants object to this request as seeking information of a third party.

In light of their objections, Defendants responds as follows: denied.

**Request for Admission No. 8**

The document identified at Bates range UW_Reges_0008751–8773 is a true and correct copy of the draft written report of the SIC's findings.

**Response:** In addition to their General Objections, Defendants object to this request as vague and ambiguous because it is unclear how it uses the term "draft report," and Plaintiff has not specifically defined the term.

In light of their objections, Defendants admit that the document identified at Bates range UW_Reges_0008751-8773 is a copy of notes and materials gathered by the SIC as recorded by one of the SIC's members in the conduct of its investigation.  Defendants state further that the document contains a summary of certain impressions of, and conclusions drawn by, one of the SIC's members during that investigation. Defendants deny that the document was a draft written report formally adopted by the SIC.  Defendants otherwise deny the request for admission.

5

DEFENDANTS' RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS
FOR ADMISSION
Case No. 2:22-cv-00964-JHC

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
tel+1-206-839-4300

**Request for Admission No. 9**

The SIC's oral report to Nancy Allbritton was based on the findings and conclusions of the draft written report identified at Bates range UW_Reges_0008751–8773.

**Response:** In addition to their General Objections, Defendants object to this request as vague and ambiguous because it is unclear how it uses the term "draft report," and Plaintiff has not specifically defined the terms.

In light of their objections, Defendants responds as follows: Defendants admit that the document identified at Bates range UW_Reges_0008751-8773 is a copy of notes and materials gathered by the SIC as recorded by one of the SIC's members in the conduct of its investigation. Defendants state further that the document contains a summary of certain impressions of, and conclusions drawn by, one of the SIC's members during that investigation. Defendants deny that the document was a draft written report formally adopted by the SIC. Defendants admit that the SIC's oral report to Nancy Allbritton was generally consistent with the summary of the facts contained in the notes and materials contained in the document. Defendants otherwise deny the request for admission.

**Request for Admission No. 10**

The SIC considered Plaintiff's statements to the media in drawing the conclusions of its draft written report.

**Response:** In addition to their General Objections, Defendants object to this request as vague and ambiguous because it is unclear how it uses the term "draft report," and Plaintiff has not specifically defined the term. Defendants further object to this request to the extent it limits the SIC's considerations to solely Plaintiff's statements to the media.

In light of their objections, Defendants admit that the document identified at Bates range UW_Reges_0008751-8773 is a copy of notes and materials gathered by the SIC as recorded by one of the SIC's members in the conduct of its investigation. Defendants state further that the document contains a summary of certain impressions of, and conclusions drawn by, one of the

6

Case No. 2:22-cv-00964-JHC

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
tel+1-206-839-4300

SIC's members during that investigation. Defendants deny that the document was a draft written report formally adopted by the SIC. Defendants admit that the Plaintiff's statements to the media are acknowledged in the summary of notes and materials contained in the document. Defendants otherwise deny the request for admission.

**Request for Admission No. 11**

Of the students who switched from Plaintiff's winter quarter 2022 CSE 143 to Hunter Schafer's winter quarter 2022 CSE 143, Defendants know of no more than five students who switched as a result of their objections to Plaintiff's land acknowledgment statement.

**Response:** In addition to their General Objections, Defendants object to this request as seeking third party information to the extent Plaintiff expects Defendants to know all reasons behind each student's decision to switch courses.

In light of their objections, Defendants responds as follows: denied.

**Request for Admission No. 12**

The SIC considered complaints from individuals who were not enrolled in Plaintiff's courses to determine that Plaintiff's land acknowledgment statement resulted in "disruption," as you understand that term.

**Response:** In addition to their General Objections, Defendants object to this request to the extent it limits the SIC's considerations to solely the complaints from such individuals.

In light of their objections, Defendants responds as follows: admitted.

**Request for Admission No. 13**

All but one of the complaints that the SIC considered were from individuals who were not enrolled in Plaintiff's courses.

**Response:** In light of their objections, Defendants responds as follows: denied.

7

DEFENDANTS' RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS
FOR ADMISSION
Case No. 2:22-cv-00964-JHC

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
tel+1-206-839-4300

**Request for Admission No. 14**

Plaintiff was able to deliver his course content during the Winter 2022 quarter and Spring 2022 quarter without interruption.

**Response:** In addition to their General Objections, Defendants object to this request as vague and ambiguous because it is unclear how it uses the terms "interruption," and Plaintiff has not specifically defined the term.

In light of their objections, Defendants responds as follows: denied.

**Request for Admission No. 15**

Any "disruption," as you understand that term, caused by Plaintiff's land acknowledgment statement did not interrupt the delivery of any of Plaintiff's classes.

**Response:** In addition to their General Objections, Defendants object to this request as vague and ambiguous because it is unclear how it uses the terms "interrupt," and Plaintiff has not specifically defined the term.

In light of their objections, Defendants responds as follows: denied.

**Request for Admission No. 16**

No student, staff, or faculty has alleged that Stuart Reges engaged in conduct directed at a person constituting harassment of them, as harassment is defined by Executive Order 31.

**Response:** In light of their objections, Defendants responds as follows: denied.

**Request for Admission No. 17**

No student, staff, or faculty has alleged that Stuart Reges engaged in conduct constituting discrimination against them, as discrimination is defined by Executive Order 31.

**Response:** In light of their objections, Defendants responds as follows: denied.

8

DEFENDANTS' RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS
FOR ADMISSION
Case No. 2:22-cv-00964-JHC

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
tel+1-206-839-4300

1  **Request for Admission No. 18**

2  No student, staff, or faculty has alleged that Stuart Reges engaged in conduct constituting

3  retaliation against them, as retaliation is defined by Executive Order 31.

4  **Response:** In light of their objections, Defendants responds as follows: admitted.

DATED November 8, 2023.

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _s/R. David Hosp_
Robert M. McKenna (WSBA# 18327)
Aaron Brecher (WSBA# 47212)
701 Fifth Avenue, Suite 5600
Seattle, WA  98104
Telephone (206) 839-4300
Fax (206) 839-4301
rmckenna@orrick.com

R. David Hosp (*Pro Hac Vice Admission*)
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone (617) 880-1802
Fax (617) 880-1801
dhosp@orrick.com
kmckenna@orrick.com

*Special Assistant Attorneys General*

*Attorneys for Defendants Ana Mari Cauce, Magdalena Balazinska, Dan Grossman, and Nancy Allbritton*

9

DEFENDANTS' RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS
FOR ADMISSION
Case No. 2:22-cv-00964-JHC

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
tel+1-206-839-4300

# ATTORNEY CERTIFICATION

The undersigned attorneys for Defendants, have read the foregoing responses to Plaintiff's Requests for Admission, and they comply with Fed. R. Civ. P. 26(g).

DATED this 8th day of November, 2023

    _s/R. David Hosp_
R. David Hosp

Special Assistant Attorney General
Attorney for Defendants

**CERTFICATE OF SERVICE**

I hereby certify that I caused the foregoing document to be served on Plaintiff's counsel listed below via email:

Joshua T. Bleisch
Gabriel Walters
James Diaz
Foundation for Individual Rights
700 Pennsylvania Avenue SE, Suite 340
Washington, D.C. 20003
Josh.bleisch@thefire.org
Gabe.walters@thefire.org
Jay.diaz@thefire.org


Robert A. Bouvatte
Robert A. Bouvatte PLLC
PO Box 14185
Tumwater, WA 98511
bob@rbouvattepllc.com


Signed this 8th day of November, 2023 at Boston, Massachusetts.

                         *s/ s/R. David Hosp*

Orrick Herrington & Sutcliffe LLP
401 Union Street, Suite 3300
Seattle, Washington 98101-2668
tel+1-206-839-4300