*Reges v. Cauce, et al.*

# Exhibit K
# to Declaration of
# Gabriel Walters

**Policy Directory** > **FCG Home** > **Faculty Code**

# Faculty Code and Governance

| | |
|---|---|
| **Faculty Code** | **Chapter 25** |

## Tenure of the Faculty

Table of Contents ⇕

### Section 25-01   Statute Relating to Tenure

[For a statute relating to tenure, see RCW 28B.20.130 (1)(2).]

### Section 25-11   Statement of Policy by the Board of Regents

[See *Board of Regents Governance*, Regent Policy No. 20.]

### Section 25-31   Definition of Tenure

Tenure is the right of a faculty member to hold the faculty member's position without discriminatory reduction of salary, and not to suffer loss of such position, or discriminatory reduction of salary, except for the reasons and in the manner provided in the *Faculty Code.*

*Section 25-31, April 16, 1956; S-A 73, May 24, 1985: both with Presidential approval.*

### Section 25-32   Criteria for Tenure

**A.** Unless the faculty member is disqualified under any other provision of this section, a full-time member of the faculty has tenure if:

   **1.** The faculty member is a professor or associate professor; or

   **2.** The faculty member has held full-time rank as assistant professor in the University for seven or more years and has not had the term of appointment extended by the Provost or received notice terminating

ADMINISTRATIVE POLICY
STATEMENTS (APS)

BOARD OF REGENTS
GOVERNANCE (BRG)*

EMPLOYMENT AND
ADMINISTRATIVE POLICIES
(EAP)*

FACULTY CODE AND
GOVERNANCE (FCG)*

PRESIDENTIAL ORDERS (PO)*

STUDENT GOVERNANCE AND
POLICIES (SGP)*

WASHINGTON
ADMINISTRATIVE CODE: TITLE
478 WAC - UW RULES (WAC)

PRINT THIS PAGE

*Formerly part of the University
Handbook

EXHIBIT 43
WIT: Trilles
DATE: 6-21-23
Lauren G. Harty, CCR, RPR



the appointment.

**B.**   Generally, recommendation for tenure (Section 25-41) is made concurrently with recommendation for promotion to the rank of associate professor (except in the circumstances listed in the subsequent paragraphs of this section.)

**C.**   A faculty member does not acquire tenure under:

   **1.**   An acting appointment, or

   **2.**   A visiting appointment, or

   **3.**   Any appointment as lecturer, artist in residence, senior artist in residence, or

   **4.**   An appointment as teaching associate, or

   **5.**   An appointment as professor of practice, or

   **6.**   Any appointment specified to be without tenure, or

   **7.**   An adjunct appointment, or

   **8.**   A research appointment, or

   **9.**   A teaching appointment, or

   **10.** A clinical appointment, or

   **11.** An affiliate appointment, or

   **12.** Any other appointment for which the University does not provide the salary from its regularly appropriated funds, unless the President notifies the appointee in writing that tenure may be acquired under such appointment.

**D.**   Appointments to the rank of associate professor or professor "without tenure," as specified in Subsection C.6 above, are limited to not more than two consecutive appointments, each of three years' duration. The first appointment is for a basic period of three years, subject to earlier dismissal for cause. During the second year of the initial appointment, the appointment will be considered for renewal consistent with the

provisions of Chapter 24, Section 24-41, Subsection A for assistant professors. If the associate professor or professor is reappointed, the three-year period of reappointment must include a tenure decision and terminal year in the event that tenure is not granted. To meet this expectation, the tenure review must be conducted no later than the second year of the second three-year appointment; during this second term of appointment, postponement of the tenure decision is not an option. In the case where tenure is not granted in the mandatory fifth year, the sixth year will be the terminal year of appointment. The part-time renewal periods provided for assistant professors in Chapter 24, Section 24-45, Subsection D do not apply to associate professors and professors without tenure.

Appointments to the rank of associate professor or professor "without tenure by reason of funding," as specified in Subsection C.11 above, are continuing appointments governed by Chapter 24, Section 24-40.

**E.** A faculty member with tenure may resign a portion of the faculty member's appointment with the agreement of the faculty member's department chair, dean, and the President, while retaining tenure in the faculty member's part-time appointment.

**F.** A part-time assistant professor appointed pursuant to Chapter 24, Section 24-45 accumulates eligibility for tenure under Subsection A of this section.

**G.** Time spent on leaves of absence from the University does not count in the accumulation of time toward tenure.

*Section 13-31, April 16, 1956; S-A 22, April 18, 1958; S-A 25, October 29, 1959; S-A 26, December 19, 1960; S-A 32, May 8, 1967; S-A 37, February 8, 1971; S-A 41, April 3, 1972; S-A 61, February 22, 1980; S-A 67, December 5, 1983; S-A 78, December 14, 1988; S-A 81, January 30, 1990; S-A 98, June 2, 1998; S-A 124, July 5, 2011; S-A 129, April 16, 2013; S-A 133, June 11, 2014; S-A 147, September 16, 2020; S-A 150, April 22, 2021: all with Presidential approval.*

## Section 25-33   Tenure of Faculty Members in Administrative Positions

The tenure of a faculty member who holds an administrative position, such as that of dean or department chair, extends only to the faculty position which the faculty member holds conjointly with such administrative position.

*Section 13-31, April 16, 1956; S-A 164, May 9, 2023: both with Presidential approval.*

## Section 25-41   Granting of Tenure: Policy and Procedure

[For "Documentation of Qualifications and Recommendations for Promotion, Tenure, and Merit Increases," see Executive Order No. 45]

**A.** Tenure should be granted to faculty members of such scholarly and professional character and qualifications that the University, so far as its resources permit, can justifiably undertake to employ them for the rest of their academic careers. Such a policy requires that the granting of tenure be considered carefully. It should be a specific act, even more significant than promotion in academic rank, which is exercised only after careful consideration of the candidate's scholarly and professional character and qualifications.

**B.** Consistent with the timelines set in Section 25-32, Subsection A.2 for full-time assistant professors and Chapter 24, Section 24-45 for part-time assistant professors, and Section 25-32, Subsection D for associate professors or professors "without tenure," a decision shall be made in the following manner:

A recommendation that the faculty member be granted or denied tenure shall be sent to the dean of the school or college. This recommendation shall be based upon a majority vote of the eligible professors and associate professors of the department, or of the school or college if it is not departmentalized. If the chair does not concur in the recommendation the chair also may submit the chair's own recommendation.

The dean, advised as prescribed in Chapter 24, Section 24-54, Subsection C shall then make a recommendation to the Provost, and if tenure is to be granted it shall be conferred by the President acting for the Board of Regents.

If the faculty member's tenure is granted, the President shall so notify the individual in writing. If tenure is denied, the dean shall notify the individual in writing that the appointment will terminate at the end of the succeeding academic year.

A faculty member whose tenure is denied may engage in the administrative and conciliatory proceedings described in Chapter 27, and may file a petition for review as provided in Section 25-64.

If a tenure decision is postponed for reconsideration, the assistant professor's dean shall cause the individual to be notified in writing that the appointment will terminate at the end of the second succeeding academic year unless reconsideration in the meantime shall have resulted in the granting of tenure.

**C.** If it is desired to appoint to a position with tenure other faculty members referred to in Section 25-32, Subsection C, the procedures for recommendation and granting described in Subsection B above shall be followed, except that a denial of tenure shall not of itself lead to termination of appointment.

*Section 13-31, April 16, 1956; S-A 59, April 23, 1979; S-A 73, May 24, 1985; S-A 83, April 30, 1991; S-A 98, May 12, 1998; S-A 129, April 16, 2013; S-A 130, June 14, 2013: all with Presidential approval; RC, June 13, 2014; S-A 150, April 22, 2021: with Presidential approval.*

## Section 25-51   Grounds for Removal of Persons with Tenure for Cause

A faculty member having tenure under the provisions of this chapter may be removed for cause from the faculty member's position or subjected to reduction of salary only for one or more of the following reasons:

   **A.** Incompetence.

   **B.** Neglect of duty.

   **C.** Physical or mental incapacity to perform academic duties.

   **D.** Unlawful discrimination or sexual harassment (see Executive Order No. 31).

   **E.** Scientific and scholarly misconduct, consisting of intentional misrepresentation of credentials, falsification of data, plagiarism, abuse of confidentiality, or deliberate violation of regulations applicable to research (see Executive Order No. 61).

   **F.** Conviction of a felony.

   **G.** Intentional and malicious interference with the scientific, scholarly, and academic activities of others.

To warrant a removal for cause or reduction of salary, conduct falling within these categories must in a substantial way adversely affect the faculty member's or the victim's academic, scholarly, or professional ability to carry out University responsibilities.

*Section 13-31, April 16, 1956; S-A 41, April 3, 1972; S-A 49, December 4, 1975; S-A 73, May 24, 1985: all with Presidential approval; RC, December 16, 2011; RC, February 12, 2016; October 17, 2018 with Presidential approval; HC, October 4, 2021.*

## Section 25-52   Removal of Faculty for Reasons of Program Elimination

   **A.** The removal of tenured faculty, or the removal of non-tenured faculty prior to the end of a specified term of appointment, may be effected upon program elimination within the University. Such removals shall be termed "Removal for Reasons of Program Elimination."

   **B.** Removal for reasons of program elimination may be effected only in

conformance with procedures set forth in Chapter 26, Section 26-41,
Procedures for Reorganization, Consolidation, and Elimination of
Programs, and the provisions of this section.

## C. Notification

1. Each faculty member proposed by the dean for removal for reasons
of program elimination shall be so notified in writing by the dean
pursuant to Chapter 26, Section 26-41, Subsection C.2.h.

2. When the President's decision to eliminate a program becomes final
pursuant to Chapter 26, Section 26-41, Subsection C.7, and the
subsequent decision is made as to which faculty members notified
under this subsection are to be removed, each faculty member to be
removed for reason of program elimination shall be notified in writing
by the dean and the effective date of such removal shall be stated.
The dean shall deliver a copy of this notification contemporaneously
to the chair of the Adjudication Panel (Chapter 28.) No faculty
member shall be removed for reason of program elimination prior to
the end of the academic year following the one in which a final
decision is transmitted to the faculty member.

## D. Appeal

Each faculty member notified of removal for reason of program
elimination may engage in the administrative and conciliatory
proceedings of Chapter 27. The faculty member may deliver an appeal to
the chair of the Adjudication Panel and to the Secretary of the Faculty as
provided in Chapter 28, in which case a Hearing Committee shall
determine whether the faculty member was properly identified as a
member of the program eliminated; whether the procedures in this
section were followed; whether the decision to remove the faculty
member was reasonable; and if the faculty member so alleges, whether
the faculty member was unlawfully discriminated against because of race,
religion, color, sex, national origin, age, handicap, sexual orientation, or
status as a disabled or Vietnam era veteran.

## E. Placement in Another Unit

The University shall make every reasonable effort to place faculty
members notified of removal for reason of program elimination in other
University employment for which they are qualified with comparable
terms of employment. Priority in such employment shall be given to the
faculty member in accordance with University and state employment
procedures. In addition to the required notification period, special
assignments with pay may be provided to enable the faculty member to
prepare for changed employment responsibilities.

**F.  Reinstatement**

In the event that the academic program which has been eliminated is reinstated within a period of five years, new positions shall not be filled through normal appointment search procedures until removed faculty members qualified for the position have been offered reappointment on terms at least comparable to terms which applied to the position previously held. Such removed faculty members shall be given 30 calendar days to accept or decline an offer of reinstatement.

*S-A 49, December 4, 1975; S-A 67, December 5, 1983; S-A 73, May 24, 1985; S-A 95, June 17, 1996: all with Presidential approval; RC, December 4, 2013; RC, January 22, 2016.*

**Section 25-53   Necessity for Hearings in Tenure Proceedings**

No faculty member having tenure as defined in this chapter shall be removed from the faculty member's position or subjected to discriminatory reduction of salary until the faculty member has been given opportunity for a full review and hearing as provided in Sections 25-62, 25-71, or Chapter 26, Section 26-31 as applicable to the case, and in Chapter 28.

*Section 13-31, April 16, 1956; S-A 73, May 24, 1985: both with Presidential approval.*

*[The former Sections 25-54, Financial Emergency, and 25-55, Procedures for Elimination of an Academic Program, have been renumbered and now appear as Chapter 26, Sections 26-31 and 26-41 respectively. The former Sections 25-61, Tenure Committee, 25-65, Grievance Committee, and 25-72 through 25-76, Faculty Conduct Committee, have been replaced by Chapters 27 and 28. S-A 73, May 24, 1985: all with Presidential approval.]*

**Section 25-62   Proceedings for the Resolution of Differences**

The policies and procedures detailed in Chapters 24, 25, and 26 are intended to ensure academic freedom and to protect the rights of the individual to careful consideration of the individual's merits, and also to enhance the ability of the University and its academic units to select and maintain a faculty of the highest quality possible. Occasions may arise in which a faculty member may state that the faculty member's academic freedom or employment rights were or will be impaired if some action or inaction of the faculty member's academic unit or of the University as a whole is permitted, as well as occasions where the University may proceed against a faculty member. A faculty member facing such action or inaction may wish to contest the administrative behavior in question. Such a person is entitled to use the following proceedings: administrative (Chapter 27, Section 27-31), conciliatory (Chapter 27, Section 27-42), and adjudicative (Chapter 28). The University Ombud is available for consultation and advice. Cases subject to these proceedings may include allegations of unlawful discrimination because of race, religion, color, sex, national origin, age, handicap, sexual orientation, or status as a disabled

or Vietnam era veteran. These proceedings serve to protect the rights both of the individual concerned and the University. In a larger sense they fulfill an important role in protecting the academic profession from infringement of the prerogatives necessary for its proper functioning; and by the same token they protect these rights and the status of the academic profession in our society by assuring that the prerogatives are not demeaned through misuse as a shelter for incompetence or neglect of duty.

*S-A 73, May 24, 1985 with Presidential approval; RC, March 3, 2013; RC, January 22, 2016.*

### Section 25-63  Dismissal of a Nontenured Faculty Member

A nontenured faculty member may be dismissed prior to the expiration of the period for which the nontenured faculty member was appointed for the grounds stated in Section 25-51, and in such cases the procedure described in Section 25-71 shall be followed, or for reasons of program elimination, and in such cases the procedure described in Section 25-52 shall be followed; or for reasons of financial emergency, in which cases the procedure described in Chapter 26, Section 26-31 shall be followed.

*S-A 39, June 8, 1971; S-A 67, December 5, 1983; S-A 73, May 24, 1985; S-A 164, May 9, 2023: all with Presidential approval.*

### Section 25-64  Discriminatory Reduction in Pay or Improper Non-Reappointment

**A.** In a case in which a tenured or non-tenured faculty member alleges that the faculty member has suffered discriminatory reduction in pay, or in which a non-tenured faculty member alleges violation of the *Faculty Code* in connection with the faculty member's non-reappointment, including denial of tenure, the faculty member making the allegation may engage in the administrative and conciliatory proceedings of Chapter 27. The faculty member may file a petition for review with the Chair of the Adjudication Panel and the Secretary of the Faculty, in which case the procedures set forth in Chapter 28 shall be followed. The petition for review may include allegations of unlawful discrimination because of race, religion, color, sex, national origin, age, handicap, sexual orientation, or status as a disabled or Vietnam era veteran.

**B.** The procedures set forth in Section 25-62 shall be followed. The burden of proof shall rest with the faculty member making the allegation.

*S-A 39, June 8, 1971; S-A 55, May 25, 1977; S-A 73, May 24, 1985: all with Presidential approval.*

### Section 25-71  Standard of Conduct

**A.** The University is an institution having special public responsibility for providing instruction in higher education, for advancing knowledge through scholarship and research, and for providing related services to

the community. As a center of learning, the University also has the obligation to maintain conditions which are conducive to freedom of inquiry and expression in the maximum degree compatible with the orderly conduct of its functions. For these purposes the University is governed by rules and regulations which safeguard its functions, and which, at the same time, protect the rights and freedoms of all members of the academic community. All members of the academic community, including members of the faculty, have an obligation to comply with the rules and regulations of the University and its schools, colleges, and departments.

**B.** If a member of the faculty is alleged to have violated a rule or regulation of the University, its schools, colleges, or departments, the department chair or the dean in a non-departmentalized school or college shall fully inform the faculty member of the nature and specific content of the alleged violation and shall offer to discuss the alleged violation with the faculty member and with the party raising the issue. The faculty member and the party raising the issue may each be accompanied by one person. The matter may be concluded at this point by the mutual consent of all parties.

**C.** If the department chair, the dean, or the faculty member so wishes, the department chair, the dean, or the faculty member may initiate conciliatory proceedings at any time by contacting the University Ombud as provided in Chapter 27, Section 27-42.

**D.** If a mutually agreeable resolution is not achieved under Subsection B or C of this section, and if the dean (after consultation in the case of a departmentalized school or college with the department chair and the faculty member) determines that the alleged violation is of sufficient seriousness to justify consideration of the filing of a formal statement of charges that might lead to dismissal, reduction of salary, or suspension for more than one quarter, the dean shall follow one of the following procedures:

   **1.** In cases concerning allegations of unlawful discrimination or sexual harassment, the dean shall request an investigation by the University Complaint Investigation and Resolution Office (UCIRO) as provided in Administrative Policy Statement 46.3.

   **2.** In cases concerning allegations of scientific and scholarly misconduct as defined in Section 25-51, the dean shall proceed as provided in Executive Order No. 61, "Policy for Addressing Allegations of Scientific and Scholarly Misconduct."

   **3.** In all other kinds of cases the dean shall appoint a special investigating committee of three faculty members who are not

directly involved in the matter being considered. The committee shall assist the dean in the informal and confidential gathering of information and documentation and shall advise the dean in its interpretation. If as a result of the foregoing investigation the dean concludes that further action is not merited, then the matter shall be dropped (although a faculty member aggrieved as a result of these activities has recourse to the conciliatory proceedings of Chapter 27 and to the adjudicative proceedings described in Chapter 28, Section 28-32, Subsection A.)

E. If, after engaging in the procedures specified in Subsection D.2 or D.3 above, the dean concludes that further action is warranted, the dean shall deliver to the Provost a written record stating that reasonable cause exists to adjudicate charges of wrongdoing brought against the faculty member, with enough of the underlying facts to inform the Provost of the reasons for this conclusion. Upon filing of the written report with the Provost, the case shall be decided in the manner prescribed in Chapter 28.

*S-A 36, June 17, 1970; S-A 73, May 24, 1985; S-A 86, December 8, 1992; S-A 91, July 11, 1994: all with Presidential approval; RC, June 28, 2010; RC, March 3, 2013; RC, January 22, 2016; RC, February 12, 2016; October 17, 2018 with Presidential approval.*

For related information, see:

- *Board of Regents Governance*, Regent Policy No. 20, "Tenure of the Faculty Statement of Policy"

University Policy and Rules Office     Back to Top
rules@uw.edu
Last Modified: 05/20/2023 22:59:24