*Reges v. Cauce, et al.*

# Exhibit T
# to Declaration of
# Gabriel Walters

The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STUART REGES,

          Plaintiff,

   v.

ANA MARI CAUCE, et al.,

          Defendants.

Case No. 2:22-cv-00964-JHC

**DEFENDANT MAGDALENA
BALAZINSKA'S RESPONSES TO
PLAINTIFF'S FIRST SET OF
INTERROGATORIES**

Under Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Magdalena Balazinska hereby objects and responds to the First Set of Interrogatories of Plaintiff Stuart Reges.

## I.    PRELIMINARY STATEMENT

Balazinska's responses herein are based solely on information that, at the time of these responses, is available to and has been reviewed by her after reasonable investigation. Investigation and discovery are ongoing. Balazinska reserves all rights to supplement, revise, and/or amend these responses should additional information become available through the rediscovery process and/or other means. Balazinska also reserves the right to produce or use any information or documents that are discovered after service of these responses in support of or in opposition to any motion, in depositions, and/or in hearings. In responding to Plaintiff's interrogatories, Balazinska does not waive any objection on the grounds of privilege,

competency, relevance, materiality, authenticity, and/or admissibility of information contained in any documents identified in response to the interrogatories.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      These objections are in addition to objections set forth separately in response to individual interrogatories and are incorporated in response to each individual interrogatory, whether or not they are separately stated therein.

2.      To the extent the interrogatories, or any definition or instruction therein, may be construed as calling for the disclosure of information subject to the attorney-client privilege, work product immunity, joint defense or common interest privilege, or any other applicable protection from discovery, Balazinska hereby claims such privileges and immunities and objects to any interrogatories on such grounds. Balazinska does not waive, intentionally or otherwise, any attorney-client privilege, work product immunity, joint defense or common interest privilege, or any other privilege, immunity, or other protection that may be asserted to protect any information from disclosure. Balazinska further objects to each interrogatory to the extent it seeks privileged or protected information generated after the filing of this lawsuit; Balazinska construes the interrogatories as not seeking such information.

3.      Balazinska objects to each interrogatory as unreasonably burdensome, and inconsistent with the Court's Scheduling Order, to the extent it calls for information that is to be disclosed by a defined date.

4.      Balazinska objects to each interrogatory, definition, or instruction to the extent it purports to impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the applicable rules and orders of this Court, or any stipulation or agreement of the parties to this action. Balazinska stands ready to meet and confer to discuss the best and most efficient way to conduct discovery bilaterally.

5.      Balazinska objects to each interrogatory to the extent it seeks information that is more efficiently and appropriately obtained through some other form of discovery.

6.      Balazinska objects to each interrogatory to the extent it seeks information not relevant to a claim or defense in this action or is not proportional to the needs of the case.

7.      Nothing in these responses is an admission by Balazinska of the existence, relevance, or admissibility of any information or document. Balazinska reserves all objections and other questions as to competency, relevance, materiality, privilege, or admissibility related to the use of her response and any document or thing identified in her responses as evidence for any purpose whatsoever in any subsequent proceeding in this action or any other action.

8.      Balazinska objects to each interrogatory to the extent it seeks information not within her possession, custody, or control and not kept by Balazinska in her ordinary course of business. Balazinska will only provide relevant, non-privileged information that is within her present possession, custody, or control and available after a reasonable investigation.

9.      Balazinska objects to each interrogatory to the extent it seeks to impose any obligation to identify or search for information or documents at any location other than where they would be expected to be stored in the ordinary course of business.

10.     Balazinska objects to each interrogatory to the extent it is not limited in time.

11.     Balazinska objects to each interrogatory to the extent that Plaintiff uses terms that are not defined or understood. Balazinska will not speculate as to the meaning that Plaintiffs ascribe to these terms.

12.     Balazinska objects to each interrogatory to the extent it seeks information of a third party that is in Balazinska's possession, custody, or control but subject to an obligation of confidentiality (or other contractual obligation) to a third party. Balazinska will provide such information only to the extent she can do so consistent with her obligation(s) to any such third parties. Moreover, to the extent that Balazinska agrees to produce documents containing confidential information, Balazinska will only do so subject to any protective orders entered in this action.

13.     Balazinska objects to each interrogatory to the extent it seeks information or documents already in Plaintiff's possession, custody, or control or available to Plaintiff from

public sources for which the burden of obtaining such information is the same or less for Plaintiff as it is for Balazinska.

14.     Balazinska objects to the definition of "Defendants" as overly broad and unduly burdensome, including insofar as the definition purports to include persons who are not parties to the lawsuit, have no involvement in the subject matter of the lawsuit, have no information that would be relevant to the claims or defenses in this lawsuit, or are not within Balazinska's control.

15.     Balazinska objects to the definition of "Complaint" as overly broad and unduly burdensome, including insofar as it purports to include grievances not expressed orally or in writing. It is unclear what that would even encompass.

16.     Balazinska objects to the classification of Plaintiff's statement as a "land acknowledgement statement." Balazinska will use the term "Plaintiff's land acknowledgement statement" as that term is defined in the Interrogatories, but disputes that the statement is, indeed, a land acknowledgement statement.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1**

Identify any person, other than your attorneys, or Plaintiff and his attorneys, with whom you communicated regarding the emails referred to in Plaintiff's Complaint ¶¶ 36–38. As part of your response, please describe the substance of the communications.

**Response to Interrogatory No. 1:**

Balazinska objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work-product doctrine or any other privilege ("Privileged Information").

Balazinska further objects to this interrogatory as vague with respect to the phrase "communicated regarding the emails." It is unclear whether this interrogatory seeks information about communications about the emails themselves or the content discussed therein.

Balazinska further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time or to the identity of persons affiliated with the University.

In light of these objections, Balazinska responds as follows:

Balazinska communicated with Karen Thomas-Brown, Associate Dean of Diversity, Equity & Inclusion; Daniel Ratner, Associate Dean of Academic Affairs; and Phillip Reid, Vice Provost of Academic & Student Affairs about the emails referred to in Plaintiff's Complaint ¶¶ 36–38, as each of them was copied on the identified emails. Balazinska also shared those emails with Aileen Trilles, Senior Director of Human Resources in the College of Engineering, and with Nancy Allbritton.

**Interrogatory No. 2**

Identify any person, other than your attorneys, or the Plaintiff and his attorneys, with whom you communicated regarding the editing and/or removal of Plaintiff's Winter 2022 Computer Science and Engineering 143 syllabus from the course portal. As part of your response, please describe the substance of the communications.

**Response to Interrogatory No. 2:**

Balazinska objects to this interrogatory to the extent it seeks Privileged Information.

Balazinska further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time or to the identity of persons affiliated with the University.

In light of these objections, Balazinska responds as follows:

Balazinska communicated directly and indirectly with Dan Ratner, Nancy Allbritton, Karen Thomas-Brown, Phil Reid, and Michael Townsend, Secretary of the faculty, regarding removing and editing Plaintiff's syllabus. Indirect communications were through Dan Ratner. Balazinska also communicated with IT staff, and with the students enrolled in Plaintiff's Winter 2022 Computer Science and Engineering 143 class via email, to apologize for Plaintiff's

offensive statement and explain that the course syllabus was updated to remove Plaintiff's land acknowledgement statement. Balazinska further informed some Allen School faculty and staff that those actions were taking place or had taken place.

**Interrogatory No. 3**

Identify all instances of Allen School faculty members' syllabi posted to course portals being edited and/or removed by University staff at the direction of University administrators, including but not limited to deans or directors.

**Response to Interrogatory No. 3:**

Balazinska objects to this interrogatory to the extent it seeks Privileged Information.

Balazinska further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.

In light of these objections, Balazinska responds as follows:

University staff edited Plaintiff's syllabus to remove his land acknowledgement statement after Plaintiff refused to do so himself despite being alerted to student complaints about his statement. Balazinska is unaware of other instances in which University staff edited or removed faculty members' syllabi posted to course portals. While other faculty were asked to edit or remove land acknowledgement statements from their syllabi (the same way Plaintiff was), including Professors Kevin Lin and Lauren Bricker, those faculty members obliged and thus University staff were not required to take any further action.

**Interrogatory No. 4**

Identify any person, other than your attorneys, or the Plaintiff and his attorneys, with whom you communicated regarding your email to Plaintiff's students referred to in Plaintiff's Complaint ¶ 40. As part of your response, please describe the substance of the communications.

**Response to Interrogatory No. 4:**

Balazinska objects to this interrogatory to the extent it seeks Privileged Information.

Balazinska further objects to this interrogatory as vague with respect to the phrase "regarding your email."

Balazinska further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time or to the identity of persons affiliated with the University.

In light of these objections, Balazinska responds as follows:

Before sending the email referenced in Complaint ¶ 40, Balazinska communicated with Dan Grossman, Yoshi Kohno, Kristin Osbourne, Ed Lazowska, Jan Cuny, Katharina Reinecke, Anna Karlin, Crystal Eney, and Dan Ratner about the content of that email.

Balazinska sent the email referenced at Complaint ¶ 40 to students and staff of Plaintiff's CSE 143 course using the official course email list.

After sending the email referenced at Complaint ¶ 40 to the CSE 143 course email list, the email was automatically posted on the course website and became publicly visible. Balazinska also forwarded that email to Rickey Hall.

**Interrogatory No. 5**

Identify any person, other than your attorneys, or the Plaintiff and his attorneys, with whom you communicated regarding the January 2022 creation and announcement of a second section of Plaintiff's Computer Science and Engineering 143 course, referred to in Plaintiff's Complaint ¶¶ 47–48. As part of your response, please describe the substance of the communications.

**Response to Interrogatory No. 5:**

Balazinska objects to this interrogatory to the extent it seeks Privileged Information.

DEFENDANT BALAZINSKA'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES,     - 7 -
2:22-CV-00964-JHC

Balazinska further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time or to the identity of persons affiliated with the University.

In light of these objections, Balazinska responds as follows:

Balazinska communicated directly and indirectly with Dan Ratner and Phil Reid regarding approval to create a second section of the course. Indirect communication with Phil Reid was through Dan Ratner. Balazinska then communicated with Dan Grossman regarding the plan to create the new section. Balazinska also communicated with the instructor of the new section, Hunter Schafer, as well as with some staff members on the Undergraduate Student Services Team who helped with the logistics of creating the new section.

Once the decision was made to open the second section, Balazinska communicated with the Allen School faculty executive committee as well as students about the new section. Balazinska then forwarded the email she sent to the class to Dan Ratner, Phil Reid, and Dean Allbritton. Balazinska also notified some faculty members about the creation of the new section.

**Interrogatory No. 6**

Identify any person, other than your attorneys, or the Plaintiff and his attorneys, with whom you communicated regarding the creation and announcement of a second section of Plaintiff's Computer Science and Engineering 143 course, referred to in Plaintiff's Complaint ¶ 77. As part of your response, please describe the substance of the communications.

**Response to Interrogatory No. 6:**

Balazinska objects to this interrogatory to the extent it seeks Privileged Information.

Balazinska further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time or to the identity of persons affiliated with the University.

Balazinska further objects to this interrogatory as vague given ¶ 77 of the Complaint refers to Plaintiff's Computer Science and Engineering 142 course but the interrogatory lists the Computer Science and Engineering 143 course. Balazinska will interpret this interrogatory as referring to the Computer Science and Engineering 142 course.

In light of these objections, Balazinska responds as follows:

Balazinska communicated with Dan Ratner and Dan Grossman about the plan to offer a second section of the course in Spring 2022. Balazinska also communicated with Dean Allbritton. Once the decision had been made, Balazinska and Grossman communicated with multiple people to set up the section, including the Allen School faculty executive committee. Those communications were primarily handled by Dan Grossman.

**Interrogatory No. 7**

Identify any person, other than your attorneys, or the Plaintiff and his attorneys, with whom you communicated regarding your March 2, 2022, letter to Plaintiff referred to in Plaintiff's Complaint ¶¶ 57–60. As part of your response, please describe the substance of the communications.

**Response to Interrogatory No. 7:**

Balazinska objects to this interrogatory to the extent it seeks Privileged Information.

Balazinska further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time or to the identity of persons affiliated with the University.

In light of these objections, Balazinska responds as follows:

Following new complaints received after Plaintiff posted to the diversity-allies mailing list on February 24, 2022, Balazinska communicated with Phil Reid and Shelley Kostrinsky, Assistant Vice Provost for Academic Personnel, regarding the proper path forward. Shelley Kostrinsky provided information about Faculty Code Section 25-71 and the associated letter that needed to be sent. Balazinska communicated with Shelley Kostrinsky, Aileen Trilles, the

Senior Director of Human Resources for the University's College of Engineering, and Dan Grossman regarding the content of the letter.

**Interrogatory No. 8**

Identify any person, other than your attorneys, or the Plaintiff and his attorneys, with whom you communicated regarding the March 2022 emails referred to in Plaintiff's Complaint ¶¶ 67–69. As part of your response, please describe the substance of the communications.

**Response to Interrogatory No. 8:**

Balazinska objects to this interrogatory to the extent it seeks Privileged Information.

Balazinska further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time or to the identity of persons affiliated with the University.

In light of these objections, Balazinska responds as follows:

Balazinska communicated with Dan Grossman and Aileen Trilles, who were both copied on the identified emails.

**Interrogatory No. 9**

Identify any person, other than your attorneys, or the Plaintiff and his attorneys, with whom you communicated regarding the March 8, 2022, meeting referred to in Plaintiff's Complaint ¶¶ 61–66. As part of your response, please describe the substance of the communications.

**Response to Interrogatory No. 9:**

Balazinska objects to this interrogatory to the extent it seeks Privileged Information.

Balazinska further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time or to the identity of persons affiliated with the University.

1    In light of these objections, Balazinska responds as follows:

2        Balazinska communicated with Dan Grossman and Aileen Trilles, who both attended

3    the March 8, 2022 meeting.

4

5    **Interrogatory No. 10**

6        Identify all instances of Allen School administrators, including but not limited to deans

7    and directors, communicating to a faculty member's class roster of students to apologize for a

8    faculty member's speech and/or suggesting that students submit complaints against the faculty

9    member.

10   **Response to Interrogatory No. 10:**

11       Balazinska objects to this interrogatory to the extent it seeks Privileged Information.

12       Balazinska further objects to this interrogatory as overbroad, unduly burdensome, and

13   not proportional to the needs of the case because it is not limited in time and because it

14   requests information about "all" such instances, which encompasses information outside of

15   Balazinska's knowledge and/or control.

16       Balazinska further objects to the classification of "suggesting" that students submit

17   complaints and understands this to refer to informing students of the processes available to

18   them to address any concerns.

19       In light of these objections, Balazinska responds as follows:

20       There have been no other instances in which Balazinska has found it necessary to

21   communicate with a class roster of students to apologize for a faculty member's speech.

22   Relatedly, there have been no other instances in which a faculty member has blanketly refused

23   to respond to student and staff concerns regarding their syllabus.

24       Balazinska is unaware of prior instances under the previous Allen School Director.

25

26

27

28   DEFENDANT BALAZINSKA'S RESPONSES TO
     PLAINTIFF'S FIRST SET OF INTERROGATORIES,       - 11 -
     2:22-CV-00964-JHC

**Interrogatory No. 11**

Identify any person, other than your attorneys, or the Plaintiff and his attorneys, with whom you communicated regarding the committee referred to in Plaintiff's Complaint ¶¶ 7, 26, and 82, including but not limited to the committee's purpose, initiation, formation, membership, procedures, subject-matter for review, decision-making process, work product, findings, conclusions, and/or current status. As part of your response, please describe the substance of the communications.

**Response to Interrogatory No. 11:**

Balazinska objects to this interrogatory to the extent it seeks Privileged Information.

Balazinska further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time or to the identity of persons affiliated with the University.

In light of these objections, Balazinska responds as follows:

Balazinska communicated with Associate Professor Louisa Mackenzie, Department of French and Italian Studies; Professor Steve Muench, Department of Civil and Environmental Engineering; and Professor Eric Schnapper, School of Law, who together form the identified special investigating committee, and Dan Grossman. These communications entailed compiling documents that the committee requested and answering questions from the committee. Balazinska further communicated with Dean Allbritton, who assembled the committee, as well as Aileen Trilles, who were both copied on the committee charge letter. These latter communications concerned the status of the committee review and the process required under Faculty Code Section 25-71. Balazinska was not involved in discussions about forming the committee or selecting the members who would comprise it.

**Interrogatory No. 12**

Identify any person, other than your attorney, or the Plaintiff and his attorneys, with whom you communicated regarding investigating Plaintiff's use of his land acknowledgement statement. As part of your response, please describe the substance of the communications.

**Response to Interrogatory No. 12:**

Balazinska objects to this interrogatory to the extent it seeks Privileged Information.

Balazinska further objects to this interrogatory as vague with respect to the phrase "investigating," as Faculty Code Section 25-71 procedure is not an "investigation" until after a committee is formed.  Balazinska will interpret this interrogatory as requesting information about communications regarding the special investigating committee.

Balazinska further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time or to the identity of persons affiliated with the University.

In light of these objections, Balazinska responds as follows:

Balazinska communicated with the committee members, Dan Grossman, Aileen Trilles, and Dean Allbritton.


**Interrogatory No. 13**

Identify any person who complained verbally or in writing to the Allen School or Allen School employees regarding Plaintiff's land acknowledgment statement. As part of your response, please describe the substance of the verbal or written complaints.

**Response to Interrogatory No. 13:**

Balazinska objects to this interrogatory to the extent it seeks Privileged Information.

Balazinska further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited to the identity of persons affiliated with the University.

In light of these objections, Balazinska responds as follows:

Numerous students and staff, the names of which will be kept confidential, raised concerns following Plaintiff's inclusion of his land acknowledgement statement on his syllabi. These students and staff described Plaintiff's statement as alienating, factually inaccurate, inflammatory, trauma-mocking, triggering, prejudiced, and racist, among other things. Balazinska is willing to meet and confer regarding the best manner to proceed given the University's obligation to maintain the confidentiality of students and staff members who raised concerns.

**Interrogatory No. 14**

Describe any and all disruptions, including disruption to classroom instruction, disruption of campus activities, or any other disruption as you understand that term, related to Plaintiff's inclusion of his land acknowledgment statement on his syllabi.

**Response to Interrogatory No. 14:**

Balazinska objects to this interrogatory to the extent it seeks Privileged Information.

Balazinska further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited to the identity of persons affiliated with the University and because it requests information about "any and all" such disruptions, which encompasses information outside of Balazinska's knowledge.

In light of these objections, Balazinska responds as follows:

The University received numerous complaints from students and staff, the names of which will be kept confidential, expressing concerns about interactions with Plaintiff, inside and out of the classroom, following his inclusion of his land acknowledgement statement on course syllabi. These students and staff described Plaintiff's statement as alienating, factually inaccurate, inflammatory, trauma-mocking, triggering, prejudiced, and racist, among other things. Students expressed that they felt unwelcome in Plaintiff's class, that they would not be treated fairly if they stayed in it, and that they should not be forced to interact with him. Students and staff contacted the University administration seeking relief from the harm

Plaintiff's statement caused. In addition, University staff spent significant time dealing with the aftermath of Plaintiff's statement, including addressing student and staff concerns and figuring out the possibility of and logistics for offering an additional class section.

**Interrogatory No. 15**

Describe any and all disruptions, including disruption to classroom instruction, disruption of campus activities, or any other disruption as you understand that term, related to Plaintiff's use of his land acknowledgment statement, other than its inclusion on his syllabi.

**Response to Interrogatory No. 15:**

Balazinska objects to this interrogatory to the extent it seeks Privileged Information.

Balazinska further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited to the identity of persons affiliated with the University and because it requests information about "any and all" such disruptions, which encompasses information outside of Balazinska's knowledge.

In light of these objections, Balazinska responds as follows:

Balazinska received complaints about Plaintiff's disseminating his land acknowledgement statement in the Allen School diversity-allies mailing list. Balazinska is unaware of disruption related to Plaintiff's use of his land acknowledgement statement outside of his syllabi and the diversity-allies mailing list, and Balazinska has taken no steps to curtail Plaintiff's use of his land acknowledgement statement outside of those contexts.

**Interrogatory No. 16**

Identify each faculty member of the Allen School, other than Plaintiff, with whom you communicated regarding their land acknowledgment statements. As part of your response, please describe the substance of the communications.

**Response to Interrogatory No. 16:**

Balazinska objects to this interrogatory to the extent it seeks Privileged Information.

1   Balazinska further objects to this interrogatory as overbroad, unduly burdensome, and

2   not proportional to the needs of the case because it is not limited in time.

3       In light of these objections, Balazinska responds as follows:

4       Balazinska communicated with Kevin Lin about his land acknowledgement statement

5   included in his Winter 2022 Data Structures and Algorithms (CSE 373) syllabus.

6       Balazinska also communicated with Lauren Bricker about her land acknowledgement

7   statement included in her Winter 2022 Interaction Programming (CSE 340) syllabus.

8

9   **Interrogatory No. 17**

10      Other than the persons identified in response to Plaintiff's Interrogatories Nos. 1–16,

11  identify any persons with whom you communicated regarding Plaintiff's land

12  acknowledgment statement. As part of your response, please describe the substance of the

13  communications.

14  **Response to Interrogatory No. 17:**

15      Balazinska objects to this interrogatory to the extent it seeks Privileged Information.

16      Balazinska further objects to this interrogatory as overbroad, unduly burdensome, and

17  not proportional to the needs of the case because it is not limited in time or to the identity of

18  persons affiliated with the University.

19      In light of these objections, Balazinska responds as follows:

20      Balazinska communicated with Victor Balta, Assistant Vice President for

21  Communications and University Spokesperson; Heather Hoeksema, Executive Director of

22  Strategy & External Relations; and Chadwick Allen, Associate Vice Provost for Faculty

23  Advancement regarding responses to press inquiries related to Plaintiff's land

24  acknowledgement statement. To the best of her recollection and knowledge, Balazinska did

25  not communicate with anyone else regarding Plaintiff's land acknowledgement statement.

26

27

28  DEFENDANT BALAZINSKA'S RESPONSES TO
    PLAINTIFF'S FIRST SET OF INTERROGATORIES,      - 16 -
    2:22-CV-00964-JHC

1

2 **Interrogatory No. 18**

3     Describe the process by which Allen School faculty members create their syllabi and

4 post them to course portals. Please include in your answer a description of whether Allen

5 School administrators, including but not limited to deans and directors, have authority to

6 approve, edit, or deny faculty syllabi.

7 **Response to Interrogatory No. 18:**

8     Balazinska objects to this interrogatory to the extent it seeks Privileged Information.

9     In light of this objection, Balazinska responds as follows:

10     Allen School faculty members are responsible for creating their own syllabi and

11 posting them to the relevant course portal. The University prescribes specific guidelines for

12 course syllabi, detailing the purpose and format of the document and content mentioned

13 therein. These guidelines are available at

14 https://registrar.washington.edu/staffandfaculty/syllabus-guidelines. Allen School

15 administrators are not required to approve faculty syllabi before faculty members post them to

16 the portal. However, Allen School administrators are responsive to student or staff complaints

17 received regarding a syllabus once posted.

18

19 **Interrogatory No. 19**

20     Identify any person not listed in your Initial Disclosures whom you intend to call as a

21 witness in this action or with whom you have discussed potential testimony in this matter.

22 **Response to Interrogatory No. 19:**

23     Balazinska objects to this interrogatory as premature at this stage of the litigation.

24     In light of this objection, Balazinska will not provide a response at this stage but will

25 supplement her response when appropriate.

26

27

28 DEFENDANT BALAZINSKA'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES,    - 17 -
2:22-CV-00964-JHC

DATED: April 28, 2023

Respectfully Submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  _s/Robert M. McKenna_
  Robert M. McKenna (WSBA# 18327)
  Aaron Brecher (WSBA# 47212)
  401 Union Street, Suite 3300
  Seattle, WA  98101
  Telephone (206) 839-4300
  Fax (206) 839-4301
  rmckenna@orrick.com

  R. David Hosp (*Pro Hac Vice Admission*)
  Kristina D. McKenna (*Pro Hac Vice Admission*)
  222 Berkeley Street, Suite 2000
  Boston, MA 02116
  Telephone (617) 880-1802
  Fax (617) 880-1801
  dhosp@orrick.com
  kmckenna@orrick.com

  *Attorneys for Defendant Magdalena Balazinska*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **VERIFICATION**

I, Magdalena Balazinska, on oath and under penalty of perjury, say:

I am Magdalena Balazinska. I have read my answers and responses to Plaintiff's Interrogatories. The answers and responses are true and correct.

DATED this 28th day of April, 2023.

_____

Magdalena Balazinska

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>ATTORNEY CERTIFICATION</u>

The undersigned attorneys for Magdalena Balazinska, have read the foregoing responses to Plaintiff's Interrogatories, and they comply with Fed. R. Civ. P. 26(g).

DATED this 28th day of April, 2023

_s/Robert M. McKenna_

Attorney for Magdalena Balazinska

DEFENDANT BALAZINSKA'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES,     - 20 -
2:22-CV-00964-JHC

1

## **CERTIFICATE OF SERVICE**

2         The undersigned certifies that on April 28, 2023, all counsel of record who are deemed to
have consented to electronic service are being served with a copy of this document via email.

3

4                                         *s/Robert M. McKenna*
                                         Robert M. McKenna (WSBA# 18327)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28