*Reges v. Cauce, et al.*

# Exhibit U
# to Declaration of
# Gabriel Walters

The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STUART REGES,

        Plaintiff,

v.

ANA MARI CAUCE, et al.,

        Defendants.

Case No. 2:22-cv-00964-JHC

**DEFENDANT DANIEL GROSSMAN'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Daniel Grossman hereby objects and responds to the First Set of Interrogatories of Plaintiff Stuart Reges.

## I.    PRELIMINARY STATEMENT

Grossman's responses herein are based solely on information that, at the time of these responses, is available to and has been reviewed by him after reasonable investigation. Investigation and discovery are ongoing. Grossman reserves all rights to supplement, revise, and/or amend these responses should additional information become available through the rediscovery process and/or other means. Grossman also reserves the right to produce or use any information or documents that are discovered after service of these responses in support of or in opposition to any motion, in depositions, and/or in hearings. In responding to Plaintiff's interrogatories, Grossman does not waive any objection on the grounds of privilege,

DEFENDANT GROSSMAN'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES,
2:22-CV-00964-JHC

1

competency, relevance, materiality, authenticity, and/or admissibility of information contained in any documents identified in response to the interrogatories.

## II.    OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      These objections are in addition to objections set forth separately in response to individual interrogatories and are incorporated in response to each individual interrogatory, whether or not they are separately stated therein.

2.      To the extent the interrogatories, or any definition or instruction therein, may be construed as calling for the disclosure of information subject to the attorney-client privilege, work product immunity, joint defense or common interest privilege, or any other applicable protection from discovery, Grossman hereby claims such privileges and immunities and objects to any interrogatories on such grounds. Grossman does not waive, intentionally or otherwise, any attorney-client privilege, work product immunity, joint defense or common interest privilege, or any other privilege, immunity, or other protection that may be asserted to protect any information from disclosure. Grossman further objects to each interrogatory to the extent it seeks privileged or protected information generated after the filing of this lawsuit; Grossman construes the interrogatories as not seeking such information.

3.      Grossman objects to each interrogatory as unreasonably burdensome, and inconsistent with the Court's Scheduling Order, to the extent it calls for information that is to be disclosed by a defined date.

4.      Grossman objects to each interrogatory, definition, or instruction to the extent it purports to impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the applicable rules and orders of this Court, or any stipulation or agreement of the parties to this action. Grossman stands ready to meet and confer to discuss the best and most efficient way to conduct discovery bilaterally.

5.      Grossman objects to each interrogatory to the extent it seeks information that is more efficiently and appropriately obtained through some other form of discovery.

6.      Grossman objects to each interrogatory to the extent it seeks information not relevant to a claim or defense in this action or is not proportional to the needs of the case.

7.      Nothing in these responses is an admission by Grossman of the existence, relevance, or admissibility of any information or document. Grossman reserves all objections and other questions as to competency, relevance, materiality, privilege, or admissibility related to the use of her response and any document or thing identified in his responses as evidence for any purpose whatsoever in any subsequent proceeding in this action or any other action.

8.      Grossman objects to each interrogatory to the extent it seeks information not within his possession, custody, or control and not kept by Grossman in his ordinary course of business. Grossman will only provide relevant, non-privileged information that is within his present possession, custody, or control and available after a reasonable investigation.

9.      Grossman objects to each interrogatory to the extent it seeks to impose any obligation to identify or search for information or documents at any location other than where they would be expected to be stored in the ordinary course of business.

10.     Grossman objects to each interrogatory to the extent it is not limited in time.

11.     Grossman objects to each interrogatory to the extent that Plaintiff uses terms that are not defined or understood. Grossman will not speculate as to the meaning that Plaintiffs ascribe to these terms.

12.     Grossman objects to each interrogatory to the extent it seeks information of a third party that is in Grossman's possession, custody, or control but subject to an obligation of confidentiality (or other contractual obligation) to a third party. Grossman will provide such information only to the extent he can do so consistent with his obligation(s) to any such third parties. Moreover, to the extent that Grossman agrees to produce documents containing confidential information, Grossman will only do so subject to any protective orders entered in this action.

13.     Grossman objects to each interrogatory to the extent it seeks information or documents already in Plaintiff's possession, custody, or control or available to Plaintiff from

public sources for which the burden of obtaining such information is the same or less for Plaintiff as it is for Grossman.

14.     Grossman objects to the definition of "Defendants" as overly broad and unduly burdensome, including insofar as the definition purports to include persons who are not parties to the lawsuit, have no involvement in the subject matter of the lawsuit, have no information that would be relevant to the claims or defenses in this lawsuit, or are not within Grossman's control.

15.     Grossman objects to the definition of "Complaint" as overly broad and unduly burdensome, including insofar as it purports to include grievances not expressed orally or in writing. It is unclear what that would even encompass.

16.     Grossman objects to the classification of Plaintiff's statement as a "land acknowledgement statement." Grossman will use the term "Plaintiff's land acknowledgement statement" as that term is defined in the Interrogatories, but disputes that the statement is, indeed, a land acknowledgement statement.

### III.     RESPONSES TO INTERROGATORIES

**Interrogatory No. 1**

Identify any person, other than your attorneys, or Plaintiff and his attorneys, with whom you communicated regarding the March 8, 2022, meeting referred to in Plaintiff's Complaint ¶¶ 61–66. As part of your response, please describe the substance of the communications.

**Response to Interrogatory No. 1:**

Grossman objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work-product doctrine or any other privilege ("Privileged Information").

Grossman further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time or to the identity of persons affiliated with the University.

DEFENDANT GROSSMAN'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES,           - 4 -
2:22-CV-00964-JHC

1  In light of these objections, Grossman responds as follows:

2  Grossman communicated with Magdalena Balazinska and Aileen Trilles, Senior

3  Director of Human Resources in the College of Engineering, who both attended the March 8,

4  2022 meeting. Grossman also communicated with Shelley Kostrinsky, Assistant Vice Provost

5  for Academic Personnel.

6

7  **Interrogatory No. 2**

8  Identify any person, other than your attorneys, or Plaintiff and his attorneys, with

9  whom you communicated regarding the committee referred to in Plaintiff's Complaint ¶¶ 7,

10  26, and 82, including but not limited to the committee's purpose, initiation, formation,

11  membership, procedures, subject-matter for review, decision-making process, work product,

12  findings, conclusions, and/or current status. As part of your response, please describe the

13  substance of the communications.

14  **Response to Interrogatory No. 2:**

15  Grossman objects to this interrogatory to the extent it seeks Privileged Information.

16  Grossman further objects to this interrogatory as overbroad, unduly burdensome, and

17  not proportional to the needs of the case because it is not limited in time or to the identity of

18  persons affiliated with the University.

19  In light of these objections, Grossman responds as follows:

20  Grossman did not have any relevant communications regarding the committee referred

21  to in Plaintiff's Complaint ¶¶ 7, 26, and 82. Following the March 8, 2022 meeting, Plaintiff

22  and Defendants Grossman and Balazinska were unable to reach a mutually agreeable

23  resolution. Therefore, under Faculty Code Section 25-71, the matter proceeded to the dean's

24  consideration. Grossman was aware that the formation of a committee is part of the required

25  process under Faculty Code Section 25-71 but was not involved in discussions about forming

26  the committee or selecting the members would comprise it.

27

28  DEFENDANT GROSSMAN'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES,      - 5 -
2:22-CV-00964-JHC

1    **Interrogatory No. 3**

2           Identify any person, other than your attorneys, or Plaintiff and his attorneys, with

3    whom you communicated regarding investigating Plaintiff's use of his land acknowledgment

4    statement. As part of your response, please describe the substance of the communications.

5    **Response to Interrogatory No. 3:**

6           Grossman objects to this interrogatory to the extent it seeks Privileged Information.

7           Grossman further objects to this interrogatory as vague with respect to the phrase

8    "investigating," as Faculty Code Section 25-71 procedure is not an "investigation" until after a

9    committee is formed. Grossman will interpret this interrogatory as requesting information about

10   communications regarding the special investigating committee.

11          Grossman further objects to this interrogatory as overbroad, unduly burdensome, and not

12   proportional to the needs of the case because it is not limited in time or to the identity of persons

13   affiliated with the University.

14          In light of these objections, Grossman responds as follows:

15          Regarding Grossman's attempt at reaching a resolution with Plaintiff, Grossman

16   communicated directly or indirectly with Magdalena Balazinska, Aileen Trilles, and Dean

17   Allbritton.

18

19   **Interrogatory No. 4**

20          Identify any person, other than your attorneys, or Plaintiff and his attorneys, with

21   whom you communicated regarding the January 2022 creation and announcement of a second

22   section of Plaintiff's Computer Science and Engineering 143 course. As part of your response,

23   please describe the substance of the communications.

24   **Response to Interrogatory No. 4:**

25          Grossman objects to this interrogatory to the extent it seeks Privileged Information.

26

27

28

1  Grossman further objects to this interrogatory as overbroad, unduly burdensome, and not

2  proportional to the needs of the case because it is not limited in time or to the identity of persons

3  affiliated with the University.

4  In light of these objections, Grossman responds as follows:

5  Grossman communicated with Magdalena Balazinska regarding both the decision to

6  create a second section of Plaintiff's Computer Science and Engineering 143 course as well as

7  the logistics to effectuate that decision. Once the decision was made to open the second

8  section, Grossman also communicated with the Allen School faculty executive committee.

9  Additionally, Grossman communicated with various other Allen School personnel to

10  effectuate creating the class, including potential instructors and teaching assistants as well as

11  staff members who assisted with setting the class time schedule, updating website information,

12  and figuring out logistics for identifying students who wished to register for the new class.

13

14  **Interrogatory No. 5**

15  Describe how the Allen School developed its recommended land acknowledgement

16  statement.

17  **Response to Interrogatory No. 5:**

18  Grossman objects to this interrogatory to the extent it seeks Privileged Information.

19  Grossman further objects to this interrogatory as seeking information outside of

20  Grossman's knowledge.

21  In light of these objections, Grossman responds as follows:

22  The optional land acknowledgement statement recommended by the Allen School is a

23  statement that the University developed over several years based on consultation and guidance

24  from the Governor's Office of Indian Affairs as well as federal regulations and policies. The

25  Allen School did not develop this statement.

26

27

28  DEFENDANT GROSSMAN'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES,          - 7 -
2:22-CV-00964-JHC

**Interrogatory No. 6**

Describe how the Allen School developed its recommendation that faculty include a land acknowledgment statement on their syllabi.

**Response to Interrogatory No. 6:**

Grossman objects to this interrogatory to the extent it seeks Privileged Information.

In light of these objections, Grossman responds as follows:

In early fall 2018, Grossman developed the idea that the Allen School should create a document detailing best practices for inclusive teaching. Grossman created an initial draft of the document, which did not include recommending a land acknowledgement statement on a syllabus, and circulated it to the Allen School diversity committee. Grossman intended for the diversity committee to take over the document as their own. Consistent with that intention, the diversity committee expanded on the draft and sent Grossman an updated copy for review before posting it to the school website. The updated draft included the recommendation to include a land acknowledgement statement. Grossman initially challenged inclusion of the land acknowledgement recommendation because it was not a common practice and suggested that it not be included. The diversity committee responded that the students specifically added the statement and thought it was important to include. While Grossman disagreed, the intention behind the document was that it be the diversity committee's to run with, so Grossman did not insist that the recommendation be removed. The document was posted to an internal Allen School website in 2019, with the land acknowledgement statement recommendation.

**Interrogatory No. 7**

Identify any person who participated in the development of the Allen School's land acknowledgement statement and its recommendation that faculty members include a land acknowledgment statement on their syllabi.

DEFENDANT GROSSMAN'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES,     - 8 -
2:22-CV-00964-JHC

**Response to Interrogatory No. 7:**

Grossman objects to this interrogatory to the extent it seeks Privileged Information.

Grossman further objects to this interrogatory as seeking information outside of Grossman's knowledge.

In light of these objections, Grossman responds as follows:

The optional land acknowledgement statement recommended by the Allen School is a statement that the University developed over several years based on consultation and guidance from the Governor's Office of Indian Affairs as well as federal regulations and policies. The Allen School did not develop the statement. The people who decided to include the land acknowledgement statement on the Allen School's best practices list were the members of the 2018 Allen School diversity committee.

Grossman does not have information regarding the identity of persons involved in developing the University's recommended optional land acknowledgement statement.

**Interrogatory No. 8**

Identify any person who complained verbally or in writing to the Allen School or Allen School employees regarding Plaintiff's land acknowledgment statement. As part of your response, please describe the substance of the verbal or written complaints.

**Response to Interrogatory No. 8:**

Grossman objects to this interrogatory to the extent it seeks Privileged Information.

Grossman further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited to the identity of persons affiliated with the University.

In light of these objections, Grossman responds as follows:

Numerous students and staff, the names of which will be kept confidential, raised concerns following Plaintiff's inclusion of his land acknowledgement statement on his syllabi. Grossman is willing to meet and confer regarding the best manner to proceed given the

University's obligation to maintain the confidentiality of students and staff members who raised concerns.

**Interrogatory No. 9**

Describe any and all disruptions, including disruption to classroom instruction, disruption of campus activities, or any other disruption as you understand that term, related to Plaintiff's inclusion of his land acknowledgment statement on his syllabi.

**Response to Interrogatory No. 9:**

Grossman objects to this interrogatory to the extent it seeks Privileged Information.

Grossman further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited to the identity of persons affiliated with the University and because it requests information about "any and all" such disruptions, which encompasses information outside of Grossman's knowledge.

In light of these objections, Grossman responds as follows:

The University received numerous complaints from students and staff, the names of which will be kept confidential, raising concerns about Plaintiff's inclusion of his land acknowledgement statement on his syllabi. The number of complaints received over a short period of time and the range of persons impacted elucidated the disruption Plaintiff's statement was causing inside and out of the classroom. In addition, University staff spent significant time dealing with the aftermath of Plaintiff's statement, including addressing student and staff concerns and figuring out the possibility of and logistics for offering an additional class section.

**Interrogatory No. 10**

Describe any and all disruptions, including disruption to classroom instruction, disruption of campus activities, or any other disruption as you understand that term, related to Plaintiff's use of his land acknowledgment statement, other than its inclusion on his syllabi.

DEFENDANT GROSSMAN'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES,        - 10 -
2:22-CV-00964-JHC

**Response to Interrogatory No. 10:**

Grossman objects to this interrogatory to the extent it seeks Privileged Information.

Grossman further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited to the identity of persons affiliated with the University and because it requests information about "any and all" such disruptions, which encompasses information outside of Grossman's knowledge.

In light of these objections, Grossman responds as follows:

Grossman received complaints about Plaintiff's disseminating his land acknowledgement statement in the Allen School diversity-allies mailing list. Grossman is unaware of disruption related to Plaintiff's use of his land acknowledgement statement outside of his syllabi and the diversity-allies mailing list, and Grossman has taken no steps to curtail Plaintiff's use of his land acknowledgement statement outside of those contexts.

**Interrogatory No. 11**

Identify each faculty member of the Allen School, other than Plaintiff, with whom you communicated regarding their land acknowledgment statements. As part of your response, please describe the substance of the communications.

**Response to Interrogatory No. 11:**

Grossman objects to this interrogatory to the extent it seeks Privileged Information.

Grossman further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.

In light of these objections, Grossman responds as follows:

Grossman communicated with Kevin Lin about his land acknowledgement statement included in his Winter 2022 Data Structures and Algorithms (CSE 373) syllabus.

**Interrogatory No. 12**

Other than the persons identified in response to Plaintiff's Interrogatories Nos. 1–11, identify any person, other than your attorneys, or Plaintiff and his attorneys, with whom you communicated regarding Plaintiff's land acknowledgment statement. As part of your response, please describe the substance of the communications.

**Response to Interrogatory No. 12:**

Grossman objects to this interrogatory to the extent it seeks Privileged Information.

Grossman further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time or to the identity of persons affiliated with the University.

In light of these objections, Grossman responds as follows:

Pursuant to Rule 33(d), Grossman will produce responsive, non-privileged documents from which any relevant communications can be identified.

**Interrogatory No. 13**

Identify any person not listed in your Initial Disclosures whom you intend to call as a witness in this action or with whom you have discussed potential testimony in this matter.

**Response to Interrogatory No. 13:**

Grossman objects to this interrogatory as premature at this stage of the litigation.

In light of this objection, Grossman will not provide a response at this stage but will supplement his response when appropriate.

1    DATED: April 28, 2023

2

3    Respectfully Submitted,

4                                            ORRICK, HERRINGTON & SUTCLIFFE LLP

5                                            By:   _s/Robert M. McKenna_
                                                   Robert M. McKenna (WSBA# 18327)
6                                                  Aaron Brecher (WSBA# 47212)
                                                   401 Union Street, Suite 3300
7                                                  Seattle, WA  98101
                                                   Telephone (206) 839-4300
8                                                  Fax (206) 839-4301
                                                   rmckenna@orrick.com
9
                                                   R. David Hosp (*Pro Hac Vice Admission*)
10                                                 Kristina D. McKenna (*Pro Hac Vice
                                                   Admission*)
11                                                 222 Berkeley Street, Suite 2000
                                                   Boston, MA 02116
12                                                 Telephone (617) 880-1802
                                                   Fax (617) 880-1801
13                                                 dhosp@orrick.com
                                                   kmckenna@orrick.com
14
                                                   *Attorneys for Defendant Daniel Grossman*
15

16

17

18

19

20

21

22

23

24

25

26

27

28   DEFENDANT GROSSMAN'S RESPONSES TO
     PLAINTIFF'S FIRST SET OF INTERROGATORIES,      - 13 -
     2:22-CV-00964-JHC

1

## **<u>VERIFICATION</u>**

2

I, Daniel Grossman, on oath and under penalty of perjury, say:

3

4

I am Daniel Grossman. I have read my answers and responses to Plaintiff's

Interrogatories. The answers and responses are true and correct.

5

6

DATED this 28th day of April, 2023.

7

8

9

_____

Daniel Grossman

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GROSSMAN'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES,          - 14 -
2:22-CV-00964-JHC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>ATTORNEY CERTIFICATION</u>

The undersigned attorneys for Daniel Grossman, have read the foregoing responses to Plaintiff's Interrogatories, and they comply with Fed. R. Civ. P. 26(g).

DATED this 28th day of April, 2023

<u>*s/Robert M. McKenna*</u>

Attorney for Daniel Grossman

DEFENDANT GROSSMAN'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES,    - 15 -
2:22-CV-00964-JHC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on April 28, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via email.

*s/Robert M. McKenna*
Robert M. McKenna (WSBA# 18327)

DEFENDANT GROSSMAN'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES,
2:22-CV-00964-JHC

- 16 -