*Reges v. Cauce, et al.*

# Exhibit FF
# to Declaration of
# Gabriel Walters

**W PAUL G. ALLEN SCHOOL**
**OF COMPUTER SCIENCE & ENGINEERING**

Ex. No. 39 Date: 6-20-23
Wit: Allbritton
Peggy Fritschy Hamilton, RPR

March 2, 2022

Teaching Professor Stuart Reges
Paul G. Allen School of Computer Science & Engineering
reges@uw.edu

Dear Teaching Professor Reges,

I write to notify you that, under Section 25-71 of the Faculty Code, I have learned that you may have violated the rules and regulations of the University of Washington, the College of Engineering, and the Paul G. Allen School of Computer Science & Engineering. The allegations concern your conduct in course instruction and in email communications using university resources which may be a violation of University policies. The allegations, if true, may constitute a violation of Executive Order 31, which prohibits discrimination or harassment against a member of the University community.

The allegations, if true, may also constitute a violation of Faculty Code Sections 24-33 and 25-71A and UW's policy on providing a safe workplace. The possibility of an unwelcome, hostile or offensive academic environment may also arise if the faculty member fails to separate clearly personal interests from his or her professional decision-making. In addition, these actions may also constitute a violation of the collective bargaining agreement, Article 20: Non-Discrimination and Harassment, between the University of Washington and the United Auto Workers who represent academic students employees.

Specifically, I wish to discuss with you the following allegations:

- Unwelcome and unsolicited language or conduct that is of a personal/non-technical nature and that is sufficiently severe, persistent, and pervasive that it could reasonably be expected to create an intimidating, hostile, or offensive working or learning environment, or has the purpose or effect of unreasonably interfering with an individual's academic or work performance. Examples include, but are not limited to, the following.

    o In your Winter CSE 143 syllabus, you listed an "Indigenous Land Acknowledgement" as:
    "I acknowledge that by the labor theory of property the Coast Salish people can claim historical ownership of almost none of the land currently occupied by the University of Washington." After multiple students complained to Allen School leadership that this content was offensive, you refused to remove it even though it was a disruption to your class unrelated to the course's learning objectives. As you know, I removed the content to avoid further disruption, so there was no need for further resolution. However, you have now indicated in at least two different emails to mailing lists that include myself and many others that you intend to include this statement again in your Spring course syllabus. This has prompted new complaints and expressions of concern from Allen School community members, and threatens to again cause a disruption to the delivery of course material to our students.

    o During the week of February 21, 2022, multiple reports to the university bias-reporting tool alleged discrimination and harassment related to an email you sent through the "diversity-allies" listserv regarding the land acknowledgment statement

for your course syllabi. Your comments have been deemed, by multiple Allen School community members, as offensive and creating an intimidating and hostile work environment and/or learning environment, as noted below from their reports:
- "Stuart Reges posted an article on diversity-allies about anti-indigenous 'land acknowledgements'. This vandalizes the diversity-allies space by running counter to its stated objectives, and amounts to an attack that harasses Indigenous individuals, including students, staff, and faculty and runs counter to the Allen School's DEI goals."
- "Stuart Reges sent an article on an Allen School mailing list, describing plans to write an anti-Indigenous land acknowledgement into his Spring quarter syllabus paper handout. This goes against the Allen School's commitment to "create an inclusive environment for people of all backgrounds", Article 20 of the Academic Student Employee contract, and the requirement that UW be 'an environment that fosters respect for all members of the University community'."
- "Mr. Reges' Land Acknowledgement Statement is reasonably attributable to the university as it is being forced on students in a required course taught by a faculty member that we are paying to teach there. If Mr. Reges is allowed to continue to teach, and to distribute his land acknowledgement statement in a paper form where students will be required to see it, the university is supporting his beliefs and agreeing that they belong in an introductory computer science course."

o On February 25, 2022, I received a communication from the elected UAW 4121 reps, representing Allen School academic student employees, both graduate and undergraduate. They have expressed to me directly that your actions throughout Winter quarter are promoting an un-inclusive workplace environment. They argue that your conduct violates "Article 20: Non-Discrimination and Harassment" of their collective bargaining agreement with the University of Washington, as quoted below:

> "The Employer and the Union agree that all employees should work in an environment that fosters mutual respect and professionalism. The parties agree that all employees should be free from everyday exchanges—including words and actions—that denigrate or exclude individuals based on their membership in a group or class[...] Inappropriate workplace behavior by ASEs, Faculty, supervisors and/or managers will not be tolerated."

The union reports that: "We have heard from TAs who no longer feel comfortable mentioning their own views on topics related to land acknowledgements and DEI, for fear of retaliation from Stuart Reges. We have heard from other ASEs whose feelings of belonging in the Allen School have been negatively impacted by the fact that Stuart Reges' behavior has been allowed to continue."

As we are required to do pursuant to Section 25-71.B, I wish to meet with you as soon as possible to discuss these allegations and to hear your responses to them. Therefore, I have scheduled this discussion to commence at **9:00 a.m. on Tuesday, March 8th, 2022, in Allen Center, room 110.** If you are unable to participate at that time/date, please notify me immediately so that we can determine a mutually agreeable time and date for us to meet. Please be aware that I have asked CoE Human Resources Director Aileen Trilles and Professor and Vice Director Dan Grossman to attend. Due to the nature of these allegations, it is imperative that we hold this meeting as soon as possible.

Under Section 25-71.B of the Faculty Code, you have the right to bring one person with you to this meeting. If you wish to bring an attorney as your representative, please notify me immediately of

your intention to do so, so that we also can arrange for the University to have an attorney present at this meeting.

It is important that you avoid any retaliation (even the appearance of same) against anyone who you believe is involved with the allegations that I will discuss with you at the Section 25-71 meeting. Behavior that is perceived as retaliatory might lead to further proceedings.

Thank you in advance for your cooperation in this process.

Sincerely,

Magdalena Balazinska
Professor and Director
Paul G. Allen School of Computer Science & Engineering
University of Washington

cc:   Aileen Trilles, Senior Director of Human Resources, College of Engineering