*Reges v. Cauce, et al.*

# Exhibit OO
# to Declaration of
# Gabriel Walters

The Honorable John H. Chun

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STUART REGES,

              Plaintiff,

    v.

ANA MARI CAUCE, et al.,

              Defendants.

Case No. 2:22-cv-00964-JHC

**DEFENDANT NANCY
ALLBRITTON'S RESPONSES TO
PLAINTIFF'S FIRST SET OF
INTERROGATORIES**

      Under Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Nancy Allbritton hereby objects and responds to the First Set of Interrogatories of Plaintiff Stuart Reges.

## I.      PRELIMINARY STATEMENT

      Allbritton's responses herein are based solely on information that, at the time of these responses, is available to and has been reviewed by her after reasonable investigation. Investigation and discovery are ongoing. Allbritton reserves all rights to supplement, revise, and/or amend these responses should additional information become available through the rediscovery process and/or other means. Allbritton also reserves the right to produce or use any information or documents that are discovered after service of these responses in support of or in opposition to any motion, in depositions, and/or in hearings. In responding to Plaintiff's interrogatories, Allbritton does not waive any objection on the grounds of privilege,

DEFENDANT ALLBRITTON'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES,
2:22-CV-00964-JHC

1

competency, relevance, materiality, authenticity, and/or admissibility of information contained in any documents identified in response to the interrogatories.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      These objections are in addition to objections set forth separately in response to individual interrogatories and are incorporated in response to each individual interrogatory, whether or not they are separately stated therein.

2.      To the extent the interrogatories, or any definition or instruction therein, may be construed as calling for the disclosure of information subject to the attorney-client privilege, work product immunity, joint defense or common interest privilege, or any other applicable protection from discovery, Allbritton hereby claims such privileges and immunities and objects to any interrogatories on such grounds. Allbritton does not waive, intentionally or otherwise, any attorney-client privilege, work product immunity, joint defense or common interest privilege, or any other privilege, immunity, or other protection that may be asserted to protect any information from disclosure. Allbritton further objects to each interrogatory to the extent it seeks privileged or protected information generated after the filing of this lawsuit; Allbritton construes the interrogatories as not seeking such information.

3.      Allbritton objects to each interrogatory as unreasonably burdensome, and inconsistent with the Court's Scheduling Order, to the extent it calls for information that is to be disclosed by a defined date.

4.      Allbritton objects to each interrogatory, definition, or instruction to the extent it purports to impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the applicable rules and orders of this Court, or any stipulation or agreement of the parties to this action. Allbritton stands ready to meet and confer to discuss the best and most efficient way to conduct discovery bilaterally.

5.      Allbritton objects to each interrogatory to the extent it seeks information that is more efficiently and appropriately obtained through some other form of discovery.

6.      Allbritton objects to each interrogatory to the extent it seeks information not relevant to a claim or defense in this action or is not proportional to the needs of the case.

7.      Nothing in these responses is an admission by Allbritton of the existence, relevance, or admissibility of any information or document. Allbritton reserves all objections and other questions as to competency, relevance, materiality, privilege, or admissibility related to the use of her response and any document or thing identified in her responses as evidence for any purpose whatsoever in any subsequent proceeding in this action or any other action.

8.      Allbritton objects to each interrogatory to the extent it seeks information not within her possession, custody, or control and not kept by Allbritton in her ordinary course of business. Allbritton will only provide relevant, non-privileged information that is within her present possession, custody, or control and available after a reasonable investigation.

9.      Allbritton objects to each interrogatory to the extent it seeks to impose any obligation to identify or search for information or documents at any location other than where they would be expected to be stored in the ordinary course of business.

10.      Allbritton objects to each interrogatory to the extent it is not limited in time.

11.      Allbritton objects to each interrogatory to the extent that Plaintiff uses terms that are not defined or understood. Allbritton will not speculate as to the meaning that Plaintiffs ascribe to these terms.

12.      Allbritton objects to each interrogatory to the extent it seeks information of a third party that is in Allbritton's possession, custody, or control but subject to an obligation of confidentiality (or other contractual obligation) to a third party. Allbritton will provide such information only to the extent she can do so consistent with her obligation(s) to any such third parties. Moreover, to the extent that Allbritton agrees to produce documents containing confidential information, Allbritton will only do so subject to any protective orders entered in this action.

13.      Allbritton objects to each interrogatory to the extent it seeks information or documents already in Plaintiff's possession, custody, or control or available to Plaintiff from

DEFENDANT ALLBRITTON'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES,           - 3 -
2:22-CV-00964-JHC

public sources for which the burden of obtaining such information is the same or less for Plaintiff as it is for Allbritton.

14.     Allbritton objects to the definition of "Defendants" as overly broad and unduly burdensome, including insofar as the definition purports to include persons who are not parties to the lawsuit, have no involvement in the subject matter of the lawsuit, have no information that would be relevant to the claims or defenses in this lawsuit, or are not within Allbritton's control.

15.     Allbritton objects to the definition of "Complaint" as overly broad and unduly burdensome, including insofar as it purports to include grievances not expressed orally or in writing. It is unclear what that would even encompass.

16.     Allbritton objects to the classification of Plaintiff's statement as a "land acknowledgement statement." Allbritton will use the term "Plaintiff's land acknowledgement statement" as that term is defined in the Interrogatories, but disputes that the statement is, indeed, a land acknowledgement statement.

## RESPONSES TO INTERROGATORIES

**Interrogatory No. 1**

Identify any person, other than your attorneys, or the Plaintiff and his attorneys, with whom you communicated regarding the March 25, 2022, meeting referred to in Plaintiff's Complaint ¶¶ 72–75. As part of your response, please describe the substance of the communications.

**Response to Interrogatory No. 1:**

Allbritton objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or work-product doctrine or any other privilege ("Privileged Information").

Allbritton further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time or to the identity of persons affiliated with the University.

1    In light of these objections, Allbritton responds as follows:

2    Allbritton communicated with Senior Director of Human Resources Aileen Trilles

3    regarding the substance of the meeting, and with Assistant to the Dean Lucia Ersfeld regarding

4    scheduling the meeting.

5

6    **Interrogatory No. 2**

7    Identify any person, other than your attorneys, or the Plaintiff and his attorneys, with

8    whom you communicated regarding the April 21, 2022, notification to Plaintiff referred to in

9    Plaintiff's Complaint ¶¶ 78–79. As part of your response, please describe the substance of the

10   communications.

11   **Response to Interrogatory No. 2:**

12   Allbritton objects to this interrogatory to the extent it seeks Privileged Information.

13   Allbritton further objects to this interrogatory as overbroad, unduly burdensome, and not

14   proportional to the needs of the case because it is not limited in time or to the identity of persons

15   affiliated with the University.

16   In light of these objections, Allbritton responds as follows:

17   Allbritton communicated with Aileen Trilles regarding the content of the notification.

18

19   **Interrogatory No. 3**

20   Identify any person, other than your attorneys, or the Plaintiff and his attorneys, with

21   whom you communicated regarding investigating Plaintiff's use of his land acknowledgment

22   statement. As part of your response, please describe the substance of the communications.

23   **Response to Interrogatory No. 3:**

24   Allbritton objects to this interrogatory to the extent it seeks Privileged Information.

25   Allbritton further objects to this interrogatory as vague with respect to the phrase

26   "investigating," as Faculty Code Section 25-71 procedure is not an "investigation" until after a

27

28   DEFENDANT ALLBRITTON'S RESPONSES TO
     PLAINTIFF'S FIRST SET OF INTERROGATORIES,        - 5 -
     2:22-CV-00964-JHC

1  committee is formed. Allbritton will interpret this interrogatory as requesting information about

2  communications regarding the special investigating committee.

3      Allbritton further objects to this interrogatory as overbroad, unduly burdensome, and

4  not proportional to the needs of the case because it is not limited in time or to the identity of

5  persons affiliated with the University.

6      In light of these objections, Allbritton responds as follows:

7      Allbritton communicated with the special investigating committee members, Associate

8  Professor Louisa Mackenzie (Department of French and Italian Studies), Professor Steve

9  Muench (Department of Civil and Environmental Engineering), and Professor Eric Schnapper

10 (School of Law), as well as Magdalena Balazinska, Dan Grossman, Aileen Trilles, Vice Dean

11 Jihui Yang, Karen Thomas-Brown, Daniel Ratner, and Phillip Reid to hear information and

12 updates regarding Plaintiff's inclusion of a land acknowledgement statement in his course

13 syllabi.

14

15 **Interrogatory No. 4**

16      Identify any person, other than your attorneys, or the Plaintiff and his attorneys, with

17 whom you communicated regarding the committee referred to in Plaintiff's Complaint ¶¶ 7,

18 26, and 82, including but not limited to the committee's purpose, initiation, formation,

19 membership, procedures, subject-matter for review, decision-making process, work product,

20 findings, conclusions, and/or current status. As part of your response, please describe the

21 substance of the communications.

22 **Response to Interrogatory No. 4:**

23      Allbritton objects to this interrogatory to the extent it seeks Privileged Information.

24      Allbritton further objects to this interrogatory as overbroad, unduly burdensome, and

25 not proportional to the needs of the case because it is not limited in time or to the identity of

26 persons affiliated with the University.

27      In light of these objections, Allbritton responds as follows:

28 DEFENDANT ALLBRITTON'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES,          - 6 -
2:22-CV-00964-JHC

1   Allbritton communicated with Louisa Mackenzie, Steve Muench, and Eric Schnapper.

2   Allbritton further communicated with Aileen Trilles, Associate Dean of Finance and

3   Operations Kojay Pan, and Lucia Ersfeld regarding the composition of the committee.

4   Allbritton also communicated with Magdalena Balazinska, Aileen Trilles, and Jihui Yang,

5   who were copied on the committee charge letter.

6   The purpose of the committee, as defined by Faculty Code § 25-71, is to assist the dean

7   in informally and confidentially gathering information and documentation and to advice the

8   dean in interpreting the Faculty Code. The committee is not charged with determining or

9   recommending whether any charges should be brought based on their findings.

10

11   **Interrogatory No. 5**

12   Identify any person, other than your attorneys, or Plaintiff and his attorneys, with

13   whom you communicated regarding the January 2022 creation and announcement of a second

14   section of Plaintiff's Computer Science and Engineering 143 course. As part of your response,

15   please describe the substance of the communications.

16   **Response to Interrogatory No. 5:**

17   Allbritton objects to this interrogatory to the extent it seeks Privileged Information.

18   Allbritton further objects to this interrogatory as overbroad, unduly burdensome, and not

19   proportional to the needs of the case because it is not limited in time or to the identity of persons

20   affiliated with the University.

21   In light of these objections, Allbritton responds as follows:

22   Allbritton communicated with Magdalena Balazinska to learn of the Allen School's

23   decision to open a second section of CSE 143 in January 2022.

24

25   **Interrogatory No. 6**

26   Describe how the Allen School developed its recommended land acknowledgement

27   statement.

28   DEFENDANT ALLBRITTON'S RESPONSES TO
     PLAINTIFF'S FIRST SET OF INTERROGATORIES,    - 7 -
     2:22-CV-00964-JHC

**Response to Interrogatory No. 6:**

> Allbritton objects to this interrogatory to the extent it seeks Privileged Information.

> In light of these objections, Allbritton responds as follows:

The optional land acknowledgement statement recommended by the Allen School is a statement that the University developed over several years based on consultation and guidance from the Governor's Office of Indian Affairs as well as federal regulations and policies. The Allen School did not develop this statement.

**Interrogatory No. 7**

Describe how the Allen School developed its recommendation that faculty members include a land acknowledgment statement on their syllabi.

**Response to Interrogatory No. 7:**

> Allbritton objects to this interrogatory to the extent it seeks Privileged Information.

> In light of these objections, Allbritton responds as follows:

Allbritton understands that Dan Grossman created a document describing best practices for inclusive teaching that he sent to the Allen School diversity committee. Allbritton understands that the diversity committee, and specifically the students therein, added to the best practices listed in Grossman's document the use of the optional land acknowledgement statement as an additional recommended best practice for inclusive teaching.

**Interrogatory No. 8**

Identify any person who participated in the development of the Allen School's land acknowledgement statement and its recommendation that faculty members include a land acknowledgment statement on their syllabi.

**Response to Interrogatory No. 8:**

> Allbritton objects to this interrogatory to the extent it seeks Privileged Information.

1    Allbritton further objects to this interrogatory as seeking information outside of

2    Allbritton's knowledge.

3    In light of these objections, Allbritton responds as follows:

4    The optional land acknowledgement statement recommended by the Allen School is a

5    statement that the University developed over several years based on consultation and guidance

6    from the Governor's Office of Indian Affairs as well as federal regulations and policies. The

7    Allen School did not develop the statement. The people who decided to include the land

8    acknowledgement statement on the Allen School's best practices list were the members of the

9    2018 Allen School diversity committee.

10    Allbritton does not have information regarding the identity of persons involved in

11    developing the University's recommended optional land acknowledgement statement.

12

13    **Interrogatory No. 9**

14    Identify any person who complained verbally or in writing to the Allen School or Allen

15    School employees regarding Plaintiff's land acknowledgment statement. As part of your

16    response, please describe the substance of the verbal or written complaints.

17    **Response to Interrogatory No. 9:**

18    Allbritton objects to this interrogatory to the extent it seeks Privileged Information.

19    Allbritton further objects to this interrogatory as overbroad, unduly burdensome, and

20    not proportional to the needs of the case because it is not limited to the identity of persons

21    affiliated with the University.

22    In light of these objections, Allbritton responds as follows:

23    Numerous students and staff, the names of which will be kept confidential, raised

24    concerns following Plaintiff's inclusion of his land acknowledgement statement on his syllabi.

25    These students and staff described Plaintiff's statement as alienating, factually inaccurate,

26    inflammatory, trauma-inducing, triggering, prejudiced, and racist, among other things.

27    Allbritton is willing to meet and confer regarding the best manner to proceed given the

28    DEFENDANT ALLBRITTON'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES,      - 9 -
2:22-CV-00964-JHC

1  University's obligation to maintain the confidentiality of students and staff members who

2  raised concerns.

3

4  **Interrogatory No. 10**

5        Describe any and all disruptions, including disruption to classroom instruction,

6  disruption of campus activities, or any other disruption as you understand that term, related to

7  Plaintiff's inclusion of his land acknowledgment statement on his syllabi.

8  **Response to Interrogatory No. 10:**

9        Allbritton objects to this interrogatory to the extent it seeks Privileged Information.

10        Allbritton further objects to this interrogatory as overbroad, unduly burdensome, and

11  not proportional to the needs of the case because it is not limited to the identity of persons

12  affiliated with the University and because it requests information about "any and all" such

13  disruptions, which encompasses information outside of Allbritton's knowledge.

14        In light of these objections, Allbritton responds as follows:

15        The University received numerous complaints from students and staff, the names of

16  which will be kept confidential, expressing concerns about interactions with Plaintiff, inside

17  and out of the classroom, following his inclusion of his land acknowledgement statement in

18  course syllabi. These students and staff described Plaintiff's statement as alienating, factually

19  inaccurate, inflammatory, trauma-inducing, triggering, prejudiced, and racist, among other

20  things. Students expressed that they felt unwelcome in Plaintiff's class, that they would not be

21  treated fairly if they stayed in it, and that they should not be forced to interact with him.

22  Students and staff contacted the University administration seeking relief from the harm

23  Plaintiff's statement caused. In addition, University staff spent significant time dealing with

24  the aftermath of Plaintiff's statement, including addressing student and staff concerns and

25  figuring out the possibility of and logistics for offering additional class sections.

26

27

28

**Interrogatory No. 11**

Describe any and all disruptions, including disruption to classroom instruction, disruption of campus activities, or any other disruption as you understand that term, related to Plaintiff's use of his land acknowledgment statement, other than its inclusion on his syllabi.

**Response to Interrogatory No. 11:**

Allbritton objects to this interrogatory to the extent it seeks Privileged Information.

Allbritton further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited to the identity of persons affiliated with the University and because it requests information about "any and all" such disruptions, which encompasses information outside of Allbritton's knowledge.

In light of these objections, Allbritton responds as follows:

Allbritton understands that the Allen School administrators received complaints about Plaintiff's disseminating his land acknowledgement statement in the Allen School diversity-allies mailing list. Allbritton is unaware of disruption related to Plaintiff's use of his land acknowledgement statement outside of his syllabi and the diversity mailing list, and Allbritton has taken no steps to curtail Plaintiff's use of his land acknowledgement statement outside of those contexts.


**Interrogatory No. 12**

Identify each faculty member of the Allen School, other than Plaintiff, who includes or has included a land acknowledgement statement on their syllabi.

**Response to Interrogatory No. 12:**

Allbritton objects to this interrogatory to the extent it seeks Privileged Information.

Allbritton further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time.

In light of these objections, Allbritton responds as follows:

1     Allbritton understands that Kevin Lin included a land acknowledgement statement in

2   his Winter 2022 Data Structures and Algorithms (CSE 373) syllabus, and that Lauren Bricker

3   included a land acknowledgement statement in her Winter 2022 Interaction Programming

4   (CSE 340) syllabus. Allbritton is not aware of which Allen School faculty include or have

5   included a land acknowledgement statement on their syllabi.

6

7   **Interrogatory No. 13**

8     Identify each faculty member of the Allen School, other than Plaintiff, with whom you

9   communicated regarding their land acknowledgment statements. As part of your response,

10  please describe the substance of the communications.

11  **Response to Interrogatory No. 13:**

12    Allbritton objects to this interrogatory to the extent it seeks Privileged Information.

13    Allbritton further objects to this interrogatory as overbroad, unduly burdensome, and

14  not proportional to the needs of the case because it is not limited in time.

15    In light of these objections, Allbritton responds as follows:

16    Allbritton did not communicate with any Allen School faculty members other than

17  Plaintiff regarding their land acknowledgement statement.

18

19  **Interrogatory No. 14**

20    Describe the process by which Allen School faculty members create their syllabi and

21  post them to course portals. Please include in your answer a description of whether Allen

22  School administrators, including but not limited to deans and directors, have authority to

23  approve, edit, or deny faculty syllabi.

24  **Response to Interrogatory No. 14:**

25    Allbritton objects to this interrogatory to the extent it seeks Privileged Information.

26    In light of this objection, Allbritton responds as follows:

27

28  DEFENDANT ALLBRITTON'S RESPONSES TO
    PLAINTIFF'S FIRST SET OF INTERROGATORIES,     - 12 -
    2:22-CV-00964-JHC

Allen School faculty members are responsible for creating their syllabi and posting them to course portals. The University prescribes specific guidelines for course syllabi, detailing the purpose and format of the document and content mentioned therein. These guidelines are available at https://registrar.washington.edu/staffandfaculty/syllabus-guidelines. Allen School administrators do not approve faculty syllabi before they are posted to the portal. However, Allen School administrators are responsive to student or staff complaints received regarding a syllabus once posted.

**Interrogatory No. 15**

Other than the persons identified in response to Plaintiff's Interrogatories Nos. 1–14, identify any person, other than your attorney, or Plaintiff and his attorneys, with whom you communicated regarding Plaintiff's land acknowledgment statement. As part of your response, please describe the substance of the communications.

**Response to Interrogatory No. 15:**

Allbritton objects to this interrogatory to the extent it seeks Privileged Information.

Allbritton further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it is not limited in time or to the identity of persons affiliated with the University.

In light of these objections, Allbritton responds as follows:

Allbritton did not communicate with anyone else regarding Plaintiff's land acknowledgement statement.

**Interrogatory No. 16**

Identify any person not listed in your Initial Disclosures whom you intend to call as a witness in this action or with whom you have discussed potential testimony in this matter.

**Response to Interrogatory No. 16:**

Allbritton objects to this interrogatory as premature at this stage of the litigation.

DEFENDANT ALLBRITTON'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES,     - 13 -
2:22-CV-00964-JHC

1    In light of this objection, Allbritton will not provide a response at this stage but will

2    supplement her response when appropriate.

1    DATED: April 28, 2023

2    Respectfully Submitted,

3                                           ORRICK, HERRINGTON & SUTCLIFFE LLP

4                                           By:  _s/Robert M. McKenna_____
5                                                Robert M. McKenna (WSBA# 18327)
                                                 Aaron Brecher (WSBA# 47212)
6                                                401 Union Street, Suite 3300
                                                 Seattle, WA  98101
7                                                Telephone (206) 839-4300
                                                 Fax (206) 839-4301
8                                                rmckenna@orrick.com

9                                                R. David Hosp (*Pro Hac Vice Admission*)
                                                 Kristina D. McKenna (*Pro Hac Vice*
10                                               *Admission*)
                                                 222 Berkeley Street, Suite 2000
11                                               Boston, MA 02116
                                                 Telephone (617) 880-1802
12                                               Fax (617) 880-1801
                                                 dhosp@orrick.com
13                                               kmckenna@orrick.com

14                                               *Attorneys for Defendant Nancy Allbritton*

15

16

17

18

19

20

21

22

23

24

25

26

27

28   DEFENDANT ALLBRITTON'S RESPONSES TO
     PLAINTIFF'S FIRST SET OF INTERROGATORIES,          - 15 -
     2:22-CV-00964-JHC

1

## **<u>VERIFICATION</u>**

2

    I, Nancy Allbritton, on oath and under penalty of perjury, say:

3

    I am Nancy Allbritton. I have read my answers and responses to Plaintiff's

4

Interrogatories. The answers and responses are true and correct.

5

    DATED this 28th day of April, 2023.

6

7

8

_____
Nancy Allbritton

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>ATTORNEY CERTIFICATION</u>

2

3

    The undersigned attorneys for Nancy Allbritton, have read the foregoing responses to

Plaintiff's Interrogatories, and they comply with Fed. R. Civ. P. 26(g).

4

5

    DATED this 28th day of April, 2023

6

7

8

                                   *s/Robert M. McKenna*

9

                                   Attorney for Nancy Allbritton

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ALLBRITTON'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES,      - 17 -
2:22-CV-00964-JHC

1

## **CERTIFICATE OF SERVICE**

2
       The undersigned certifies that on April 28, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via email.

3

4
               *s/Robert M. McKenna*
               Robert M. McKenna (WSBA# 18327)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ALLBRITTON'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES,    - 18 -
2:22-CV-00964-JHC