*Reges v. Cauce, et al.*

# Exhibit J
# to Declaration of
# Gabriel Walters

Message
---

**From**: Victor Balta [balta@uw.edu]
**Sent**: 1/21/2022 3:21:27 PM
**To**: Greg Piper [gpiper@justthenews.com]; magda@cs.washington.edu; UW News [uwnews@uw.edu]
**Subject**: Re: Second media request: Unconstitutional retaliation against Reges

Hi, Greg:

Thanks for your inquiry. Feel free to attribute this response to me.

The University of Washington is committed to providing an inclusive and equitable learning environment. The statement Stuart Reges included in his syllabus was inappropriate, offensive and not relevant to the content of the course he teaches. The invocation of Locke's labor theory of property dehumanizes and demeans Indigenous people and is contrary to the long-standing relationship and respect the UW has with and for the Coast Salish peoples and the federally recognized tribes within the state of Washington.

The Allen School and the UW reserve the right to amend academic materials in this way, as the syllabus for an intro to computer programming course is not the appropriate place or manner for a debate about land acknowledgements. Reges' statement, in fact, is not a land acknowledgement — and neither the UW nor the Allen School require a land acknowledgement to be included in a course syllabus. It first came to our attention due to student complaints and has already created a significant disruption to the academic purpose of the course.

We are reviewing the letter from FIRE. However, again, there is no university policy requiring that any instructor include a land acknowledgement on their syllabus, and there is no specific land acknowledgement that we require UW faculty or staff to use. Commonly utilized land acknowledgements are not politicized statements about land claims or ownership nor expressions of personal viewpoints about land ownership, but are rather statements of fact — the purpose being to acknowledge that the university sits on the historical ancestral lands of the Coast Salish people.

The UW does not interfere with protected free speech rights. Any UW faculty, staff or student, is welcome to share personal views with which others may disagree, whether regarding land acknowledgements or other topics. However, a course syllabus is not the appropriate place to express personal views that bear no reasonable relation to the course being taught, particularly when such personal views are demonstrably disruptive to the academic purpose of the course (in this case, an introductory programming course).

Reges can and has expressed personal views with which the Allen School and the UW profoundly disagree on other platforms. However, a syllabus is not the appropriate place to express personal views unrelated to the course he is teaching.

Throughout these communications with Reges, Allen School leadership invited him to move the discussion outside of the classroom. He was always invited to continue to express his views and have conversations but in a more appropriate setting that would avoid the disruption this is bringing to the class.


**VICTOR BALTA**
Sr. Director for Media Relations / Spokesperson
UW News / @uwnews

**From:** Greg Piper <gpiper@justthenews.com>
**Date:** Friday, January 21, 2022 at 6:25 AM
**To:** magda@cs.washington.edu <magda@cs.washington.edu>, UW News <uwnews@uw.edu>, Victor Balta <balta@uw.edu>
**Subject:** Second media request: Unconstitutional retaliation against Reges

Hey folks, checking to make sure you saw my query. I'm turning in this story in the next few hours.

Greg

On Thu, Jan 20, 2022 at 8:31 PM Greg Piper <gpiper@justthenews.com> wrote:

> Hello Magda and Victor, this is Greg Piper at Just the News in DC. I'm reviewing the reporting and claims about the Stuart Reges land acknowledgment controversy, and I'm hoping to clarify some things with you.
>
> Faculty are not required to add a land acknowledgment to the syllabus, you've said? But after Reges wrote his own, you said faculty are not allowed to use any land acknowledgment other than the Allen School's?
> https://www.thefire.org/fire-letter-to-the-university-of-washington-january-11-2022/
>
> What was the "disruption to instruction in your class"? Reges claims nothing happened except for "two Reddit threads and some Twitter chatter" - what's your definition of "in class"? Is any criticism posted online enough to qualify as "disruption"? - https://quillette.com/2022/01/12/against-land-acknowledgements/
>
> FIRE claims this is unconstitutional viewpoint discrimination (encouraging faculty to put an irrelevant statement in their syllabi and then banning them from expressing a different irrelevant statement) and retaliation (creating a "shadow section" that competes with Reges). They cite various court precedents, including a 9th Circuit decision this year involving Washington. What's your response, with relevant precedents?
>
> What are the conditions under which you can contractually revist Reges' three-year reappointment? If he put another unapproved land acknowledgment in the syllabus, or otherwise expressed his disagreement with the Allen School's official view, would he be subject to a disciplinary process?
>
> I'm writing about this in the next day.
>
> --
> Greg Piper
> Reporter
> Just the News
> gpiper@justthenews.com
> 240-423-3220