The Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

STUART REGES,

          Plaintiff,

     v.

ANA MARI CAUCE, in her official
capacity as President of the University of
Washington; MAGDALENA
BALAZINSKA, in her official and
individual capacities as Director of the Paul
G. Allen School of Computer Science &
Engineering; DAN GROSSMAN, in his
official and individual capacities as Vice
Director of the Paul G. Allen School of
Computer Science & Engineering; and
NANCY ALLBRITTON, in her official and
individual capacities as Dean of the College
of Engineering,

          Defendants.

Case No. 2:22-cv-00964-JHC

**DEFENDANTS' ANSWER TO
AMENDED COMPLAINT FOR CIVIL
RIGHTS VIOLATIONS**

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Under Rules 7, 8, and 12 of the Federal Rules of Civil Procedure, Defendants Ana Mari Cauce,[1] Magdalena Balazinska, Dan Grossman, and Nancy Allbritton, submit this Answer to Plaintiff's Amended Complaint for Civil Rights Violations. Because the Court entered judgment in Defendants' favor before the time for Defendants to answer had run, Defendants file this

---

[1] President Cauce has been sued only in her official capacity. Thus, current University of Washington President Robert J. Jones has been automatically substituted as a Defendant in this action by operation of law under Federal Rule of Civil Procedure 25(d).

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT - 2:22-cv-00964-JHC

answer now within 14 days of the Ninth Circuit's mandate returning jurisdiction to this Court (Dkt. 98). *See* Fed. R. Civ. P. 12(a)(4)(A). Defendants recognize that the Ninth Circuit's Order and Amended Opinion (Dkt. 97) rules in favor of Plaintiff on liability for certain claims and serves this Answer to preserve all rights—including affirmative defenses—for further proceedings consistent with that opinion and on any later appeal.

While recognizing the Ninth Circuit's decision, Defendants deny allegations asserting that Defendants violated Plaintiff's rights and, except to the extent expressly admitted here, deny the allegations in the Amended Complaint, including any allegations in the preamble, numbered paragraphs, headings, subheadings, and footnotes within the Amended Complaint.

The Amended Complaint refers to documents and statements that have been excerpted, paraphrased, or otherwise characterized by Plaintiff. These documents should be considered, if at all, only in context and in unmodified form.

Numbered paragraphs below correspond to the like-numbered paragraphs in the Amended Complaint. Defendants have omitted the headings from the Complaint's factual allegations, do not admit or endorse the content of any such heading, and deny any assertion or characterization in such heading unless expressly admitted here.

Defendants reserve the right to amend or supplement this Answer at a later stage of the proceedings as permitted by applicable law and the governing rules.

## INTRODUCTION

1.      In response to Paragraph 1, Defendants admit that Plaintiff teaches at the University of Washington and has sued Defendants. Defendants deny the remaining allegations in Paragraph 1.

2.      In response to Paragraph 2, Defendants admit that a document identifying best practices for inclusive teaching offered a model indigenous land acknowledgment as one voluntary means of fostering an inclusive classroom environment. Defendants deny the remaining allegations in Paragraph 2.

3.      In response to Paragraph 3, Defendants admit that Plaintiff's mock land acknowledgment—which speaks for itself and should be considered in its full context—

DEFENDANTS' ANSWER TO AMENDED COMPLAINT - 2:22-cv-00964-JHC

- 2 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

contained the language quoted in Paragraph 3. Defendants deny the remaining allegations in Paragraph 3.

4. In response to Paragraph 4, Defendants deny the allegations in Paragraph 4.

5. In response to Paragraph 5, Defendants admit that, in response to concerns from students, teaching assistants, and other staff, Defendants created an alternative section of Plaintiff's computer programing course for those students who did not wish to take the course from Plaintiff. Defendants deny the remaining allegations in Paragraph 5.

6. In response to Paragraph 6, Defendants admit that, in response to comments from Plaintiff and other faculty, Defendants discussed other land acknowledgments drafted by faculty who agreed to change those acknowledgments. No acknowledgment other than Plaintiff's disrupted the learning environment. Defendants deny the remaining allegations in Paragraph 6.

7. In response to Paragraph 7, Defendants admit that, in response to a complaint received from the union representing University teaching assistants and in accordance with the Faculty Code, a special investigating committee was assembled to advise Dean Allbritton on whether Plaintiff had violated University policies. Defendants deny the remaining allegations in Paragraph 7.

8. In response to Paragraph 8, Defendants admit that the letter closing the faculty investigation of Plaintiff without imposing any discipline—which speaks for itself and should be considered in its full context—contains the language quoted in Paragraph 8. Defendants deny the remaining allegations in Paragraph 8.

9. In response to Paragraph 9, Defendants state that this Paragraph contains a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 9.

10. In response to Paragraph 10, Defendants state that this Paragraph contains a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 10.

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT - 2:22-cv-00964-JHC

- 3 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

11. In response to Paragraph 11, Defendants state that this Paragraph contains a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 11.

12. In response to Paragraph 12, Defendants state that this Paragraph contains a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 12.

## JURISDICTION AND VENUE

13. In response to Paragraph 13, Defendants admit the statutory and constitutional bases for jurisdiction. Defendants otherwise deny the allegations in Paragraph 13.

14. In response to Paragraph 14, Defendants admit that this Paragraph identifies the relief that Plaintiff seeks. Defendants otherwise deny the allegations in Paragraph 14.

15. In response to Paragraph 15, Defendants admit that, based on the allegations in the Amended Complaint, the Court has subject-matter jurisdiction.

16. In response to Paragraph 16, Defendants admit that this Court has subject-matter jurisdiction. Defendants otherwise deny the allegations in Paragraph 16.

17. In response to Paragraph 17, Defendants admit that venue is proper in this district. Defendants otherwise deny the allegations in Paragraph 17.

## THE PARTIES

**Plaintiff**

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, deny them.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, deny them.

20. Defendants admit the allegations in Paragraph 20.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, deny them.

22. Defendants admit the allegations in Paragraph 22.

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT - 2:22-cv-00964-JHC

- 4 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101
+1 206 839 4300

23.     In response to Paragraph 23, Defendants state that this Paragraph contains a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 23.

**Defendants**

24.     In response to Paragraph 24, Defendants admit that Ana Mari Cauce was the President of the University of Washington. President Cauce has been sued only in her official capacity. Thus, current President Robert J. Jones has been automatically substituted as a Defendant in this action by operation of law under Federal Rule of Civil Procedure 25(d). The Executive Order referenced in Paragraph 24 has been replaced. Defendants deny the remaining allegations in Paragraph 24.

25.     In response to Paragraph 25, Defendants admit that Defendant Magdalena Balazinska is the Director of the Allen School, that Defendant Balazinska asked Plaintiff to remove his mock land acknowledgment from the online version of a single course syllabus in response to disruption to the learning environment, participated in creating an alternative class section for students who did not wish to remain in Plaintiff's class, and otherwise followed the Faculty Code and all University procedures. Defendants deny the remaining allegations in Paragraph 25.

26.     In response to Paragraph 26, Defendants admit that Defendant Dan Grossman is the Vice Director of the Allen School, that he participated in a meeting with Plaintiff in accordance with the Faculty Code process, and that he participated in creating an alternative class section for students who did not wish to remain in Plaintiff's class. Defendants deny the remaining allegations in Paragraph 26.

27.     In response to Paragraph 27, Defendants admit that Defendant Nancy Allbritton is the Dean of the College of Engineering, which oversees the Allen School. Defendants also admit that, in accordance with the Faculty Code, Dean Allbritton assembled a special investigating committee to advise her on whether Plaintiff violated University policy and ultimately concluded that investigation without imposing discipline on Plaintiff. Defendants deny the remaining allegations in Paragraph 27.

**FACTUAL ALLEGATIONS**

28.     In response to Paragraph 28, Defendants admit that the University awarded Plaintiff the Distinguished Teaching Award in 2011.

29.     In response to Paragraph 29, Defendants admit that Plaintiff has received generally positive student reviews. Defendants deny the remaining allegations in Paragraph 29.

30.     In response to Paragraph 30, Defendants admit that the language Plaintiff quotes appears in the "best practices" document—which speaks for itself and should be considered in its full context. Defendants deny the remaining allegations in Paragraph 30.

31.     In response to Paragraph 31, Defendants admit that the best practices document —which speaks for itself and should be considered in its full context—includes the example land acknowledgment quoted. Defendants deny the remaining allegations in Paragraph 31.

32.     In response to Paragraph 32, Defendants admit that the referenced webpage— which speaks for itself and should be considered in its full context, contains the language Plaintiff quotes. Defendants deny the remaining allegations in Paragraph 32.

33.     Defendants admit the allegations in Paragraph 33.

34.     Defendants admit the allegations in Paragraph 34.

35.     Defendants admit the allegations in Paragraph 35.

36.     Defendants admit the allegations in Paragraph 36. No faculty member's land acknowledgment disrupted the learning environment other than Plaintiff's, and no one other than Plaintiff declined to change their land acknowledgment in response to any complaint.

37.     In response to Paragraph 37, Defendants admit that Director Balazinska sent an email—which speaks for itself and should be considered in its full context—containing the language quoted in Paragraph 37. Defendants deny the remaining allegations in Paragraph 37.

38.     In response to Paragraph 38, Defendants state that Plaintiff's written response to the January 4 email speaks for itself. Defendants deny the remaining allegations in Paragraph 38.

39.     In response to Paragraph 39, Defendants admit that the response to Plaintiff— which speaks for itself and should be considered in its full context—contains the quoted language. Defendants deny the remaining allegations in Paragraph 39.

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT - 2:22-cv-00964-JHC

- 6 -

40.     In response to Paragraph 40, Defendants admit that Director Balazinska worked with University personnel to remove Plaintiff's mock land acknowledgment from only the online version of the course syllabus. Defendants deny the remaining allegations in Paragraph 40.

41.     In response to Paragraph 41, Defendants admit that Director Balazinska emailed students to assure them that they would be treated fairly in Plaintiff's class and that the communication—which speaks for itself and should be considered in its full context—contains the quoted language. Defendants deny the remaining allegations in Paragraph 41.

42.     Defendants deny the allegations in Paragraph 42.

43.     Defendants deny the allegations in Paragraph 43.

44.     Defendants admit the allegations in Paragraph 44.

45.     Defendants deny the allegations in Paragraph 45.

46.     In response to Paragraph 46, Defendants admit that Plaintiff taught a section of his class during the Winter 2022 quarter. Defendants deny the remaining allegations in Paragraph 46.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and, on that basis, deny them.

48.     In response to Paragraph 48, Defendants admit that Director Balazinska acted at all times in accordance with the Faculty Code and sought guidance from other University officials. Defendants deny the remaining allegations in Paragraph 48.

49.     In response to Paragraph 49, Defendants admit that, on January 7, 2022, Director Balazinska communicated to the class section that they had the option to enroll in an alternative section. Defendants deny the remaining allegations in Paragraph 49.

50.     In response to Paragraph 50, Defendants admit that the alternative class section was taught by a different professor relying in part on recorded lectures. Defendants deny the remaining allegations in Paragraph 50.

51.    In response to Paragraph 51, Defendants admit that the referenced article—which speaks for itself and should be considered in its full context—includes the quoted language. Defendants deny the remaining allegations in Paragraph 51.

52.    Defendants deny the allegations in Paragraph 52.

53.    In response to Paragraph 53, Defendants admit that around 170 students switched to the new alternative class section. Defendants deny the remaining allegations.

54.    In response to Paragraph 54, Defendants admit that Plaintiff continued teaching his class section and that he administered the final exam and distributed grades for that section. Defendants deny the remaining allegations.

55.    In response to Paragraph 55, Defendants admit that FIRE sent President Cauce a letter, which speaks for itself and should be considered in its full context. Defendants deny the remaining allegations in Paragraph 55.

56.    In response to Paragraph 56, Defendants admit that Director Balazinska acted at all times in accordance with the Faculty Code and did not send correspondence referencing Faulty Code Section 25-71 to Plaintiff in January 2022. Defendants deny the remaining allegations in Paragraph 56.

57.    Defendants admit the allegations in Paragraph 57.

58.    Defendants admit that University personnel monitor the "diversity-allies" listserv and review incoming messages before they are distributed. Defendants deny the remaining allegations in Paragraph 58.

59.    Defendants admit the allegations in Paragraph 59.

60.    In response to Paragraph 60, Defendants admit that, on March 2, 2022, Director Balazinska sent Plaintiff a notice letter—which speaks for itself and should be considered in its full context—containing the quoted language. Defendants deny the remaining allegations in Paragraph 60.

61.    In response to Paragraph 61, Defendants admit that Executive Order 31—which speaks for itself and should be considered in its full context—contains the quoted language.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT - 2:22-cv-00964-JHC

- 8 -

Defendants also state that Executive Order 31 has been rescinded. Defendants deny the remaining allegations in Paragraph 61.

62.    In response to Paragraph 62, Defendants state that Executive Order 31 has been rescinded. Defendants deny the remaining allegations in Paragraph 62.

63.    In response to Paragraph 63, Defendants state that the referenced letter speaks for itself and should be considered in its full context. Defendants deny the remaining allegations in Paragraph 63.

64.    Defendants admit the allegations in Paragraph 64.

65.    In response to Paragraph 65, Defendants admit that, during the meeting, Director Balazinska acted in accordance with the Faculty Code and that she communicated her expectation that Plaintiff interact respectfully and professionally with students. Defendants deny the remaining allegations in Paragraph 65.

66.    In response to Paragraph 66, Defendants admit that, during the meeting, Director Balazinska acted in accordance with the Faculty Code and that she communicated her expectation that Plaintiff's mock land acknowledgment and the context in which it was delivered was likely to further disrupt the learning environment. Defendants deny the remaining allegations in Paragraph 66.

67.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, on that basis, deny them.

68.    In response to Paragraph 68, Defendants admit that student complaints may constitute a disruption to the learning environment or otherwise stem from violations of University policy. Defendants deny the remaining allegations in Paragraph 68.

69.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, deny them.

70.    In response to Paragraph 70, Defendants admit that, in accordance with the Faculty Code, Director Balazinska provided Plaintiff with a proposed resolution—which speaks for itself and should be considered in its full context—containing the quoted language. Defendants deny the remaining allegations in Paragraph 70.

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT - 2:22-cv-00964-JHC

- 9 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101
+1 206 839 4300

71.     In response to Paragraph 71, Defendants admit that, in accordance with the Faculty Code, Director Balazinska provided Plaintiff with a proposed resolution—which speaks for itself and should be considered in its full context—containing the quoted language. Defendants deny the remaining allegations in Paragraph 71.

72.     Defendants admit the allegations in Paragraph 72.

73.     In response to Paragraph 73, Defendants admit that, in accordance with the Faculty Code, Dean Allbritton emailed Reges and that the email—which speaks for itself and should be considered in its full context—contained the quoted language. Defendants deny the remaining allegations in Paragraph 73.

74.     In response to Paragraph 74, Defendants admit that the Faculty Code—which speaks for itself and should be considered in its full context—contains the quoted language. Defendants deny the remaining allegations in Paragraph 74.

75.     In response to Paragraph 75, Defendants admit that Dean Allbritton met with Plaintiff and his counsel. Defendants deny the remaining allegations in Paragraph 75.

76.     In response to Paragraph 76, Defendants state that the allegations regarding the meeting are incomplete and therefore misleading and, on that basis, deny the allegations in Paragraph 76.

77.     In response to Paragraph 77, Defendants state that the allegations regarding the meeting are incomplete and therefore misleading and, on that basis, deny the allegations in Paragraph 77.

78.     In response to Paragraph 78, Defendants state that the allegations regarding the meeting are incomplete and therefore misleading and, on that basis, deny the allegations in Paragraph 78.

79.     In response to Paragraph 79, Defendants admit that Plaintiff included his mock land acknowledgment on the syllabus for a Computer Science and Engineering 142 course during Spring 2022. Defendants deny the remaining allegations in Paragraph 79.

80.     In response to Paragraph 80, Defendants admit that in response to disruption evidenced by complaints from students, teaching assistants, and other staff, Defendants created

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT - 2:22-cv-00964-JHC

- 10 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101
+1 206 839 4300

an alternative section for the Spring 2022 Computer Science and Engineering 142 course. Defendants deny the remaining allegations in Paragraph 80.

81.     Defendants deny the allegations in Paragraph 81.

82.     In response to Paragraph 82, Defendants admit that, in accordance with the Faculty Code, Dean Allbritton convened a special investigating committee. Defendants deny the remaining allegations in Paragraph 82.

83.     Defendants admit the allegations in Paragraph 83.

84.     Defendants admit the allegations in Paragraph 84.

85.     Defendants admit the allegations in Paragraph 85.

86.     In response to Paragraph 86, Defendants admit that the members of the special investigating committee were charged in accordance with the Faculty Code. Defendants deny the remaining allegations in Paragraph 86.

87.     Defendants admit the allegations in Paragraph 87.

88.     In response to Paragraph 88, Defendants admit that due to the unprecedented lawsuit filed while a special investigating committee's work was ongoing, that process was paused. Defendants deny the remaining allegations in Paragraph 88.

89.     In response to Paragraph 89, Defendants admit that Dean Allbritton acted at all times in accordance with the Faculty Code and University policy. Defendants deny the remaining allegations in Paragraph 89.

90.     In response to Paragraph 90, Defendants admit that, in September 2022, the special investigating committee resumed its work and was directed to deliver an oral report on its findings. Defendants deny the remaining allegations in Paragraph 90.

91.     In response to Paragraph 91, Defendants admit that Dean Allbritton acted at all times in accordance with the Faculty Code and University policy. Defendants deny the remaining allegations in Paragraph 91.

92.     In response to Paragraph 92, Defendants admit that, in June 2023, Dean Allbritton informed Plaintiff that the Faculty Code investigation had concluded. Defendants deny the remaining allegations in Paragraph 92.

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT - 2:22-cv-00964-JHC

- 11 -

93.    In response to Paragraph 93, Defendants admit that the referenced letter—which speaks for itself and should be considered in its full context—contains the quoted language. Defendants deny the remaining allegations in Paragraph 93.

94.    In response to Paragraph 94, Defendants admit that the referenced letter—which speaks for itself and should be considered in its full context—contains the quoted language. Defendants deny the remaining allegations in Paragraph 94.

95.    In response to Paragraph 95, Defendants state that this Paragraph contains a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 95.

96.    In response to Paragraph 96, Defendants admit that the referenced letter—which speaks for itself and should be considered in its full context—contains the quoted language. Defendants deny the remaining allegations in Paragraph 96.

97.    Defendants deny the allegations in Paragraph 97.

98.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 and, on that basis, deny them.

99.    In response to Paragraph 99, Defendants admit that Plaintiff received some positive reviews in the referenced quarters. Defendants deny the remaining allegations in Paragraph 99.

100.    In response to Paragraph 100, Defendants admit that they have never barred Plaintiff from teaching or otherwise disciplined him in connection with his mock land acknowledgment. Defendants deny the remaining allegations in Paragraph 100.

101.    Defendants admit the allegations in Paragraph 101.

102.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 and, on that basis, deny them.

103.    Defendants admit the allegations in Paragraph 103.

104.    In response to Paragraph 104, Defendants admit that, in accordance with standard University practice, Plaintiff's merit pay increase was held in abeyance pending the resolution of the Faculty Code process. Defendants deny the remaining allegations in Paragraph 104.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT - 2:22-cv-00964-JHC

- 12 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101
+1 206 839 4300

105. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 and, on that basis, deny them.

106. In response to Paragraph 106, Defendants state that the referenced letter speaks for itself and should be considered in its full context. The merit pay increase was held in abeyance in accordance with standard University practice for Faculty Code investigations. Defendants deny the remaining allegations in Paragraph 106.

107. In response to Paragraph 107, Defendants state that the referenced letter—which speaks for itself and should be considered in its full context—contains the quoted language. Defendants deny the remaining allegations in Paragraph 107.

108. In response to Paragraph 108, Defendants state that Plaintiff has been provided with his merit pay increase. Defendants deny the remaining allegations in Paragraph 108.

109. In response to Paragraph 109, Defendants state that Plaintiff has been provided with his merit pay increase. Defendants deny the remaining allegations in Paragraph 109.

110. Defendants deny the allegations in Paragraph 110.

111. Defendants deny the allegations in Paragraph 111.

112. In response to Paragraph 112, Defendants admit that, in accordance with standard University practice, Plaintiff's 2022–23 merit pay raise was held in abeyance and was later restored. Defendants deny the remaining allegations in Paragraph 112.

113. Defendants deny the allegations in Paragraph 113 and state that Executive Order 31 has been rescinded and replaced.

114. Defendants deny the allegations in Paragraph 114 and state that Executive Order 31 has been rescinded and replaced.

115. Defendants deny the allegations in Paragraph 115.

116. Defendants deny the allegations in Paragraph 116.

**FIRST CAUSE OF ACTION**
**Violation of Plaintiff's First Amendment Rights**
**(Against All Individual-Capacity Defendants)**

117. Defendants incorporate by reference their responses to Paragraphs 1–116.

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT - 2:22-cv-00964-JHC         - 13 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington 98101
+1 206 839 4300

118.    In response to Paragraph 118, Defendants state that this Paragraph contains a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 118.

119.    In response to Paragraph 119, Defendants state that this Paragraph contains a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 119.

120.    In response to Paragraph 120, Defendants admit that the Faculty Code section referred—which speaks for itself and should be considered in its full context—contains the quoted language. Defendants deny the remaining allegations in Paragraph 120.

121.    In response to Paragraph 121, Defendants state that this Paragraph contains a legal conclusion to which no answer is required. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 and, on that basis, deny them.

122.    Defendants deny the allegations in Paragraph 122.

123.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and, on that basis, deny them.

124.    In response to Paragraph 124, Defendants state that this Paragraph contains a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 124.

125.    In response to Paragraph 125, Defendants admit that Plaintiff continued to teach students in his computer science class section. Defendants deny the remaining allegations in Paragraph 125.

126.    Defendants admit that the University repeatedly confirmed Plaintiff's right to express his views so long as the form of his expression did not disrupt the learning environment. Defendants deny the remaining allegations in Paragraph 126.

127.    Defendants deny the allegations in Paragraph 127.

128.    Defendants deny the allegations in Paragraph 128.

129.    Defendants deny the allegations in Paragraph 129.

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT - 2:22-cv-00964-JHC                        - 14 -

130. Defendants deny the allegations in Paragraph 130.

131. Defendants deny the allegations in Paragraph 131.

132. Defendants deny the allegations in Paragraph 132.

133. Defendants deny the allegations in Paragraph 133.

134. Defendants deny the allegations in Paragraph 134.

**SECOND CAUSE OF ACTION**
**First Amendment Retaliation Under 42 U.S.C. § 1983**
**(Against All Individual-Capacity Defendants)**

135. Defendants incorporate by reference their responses to Paragraphs 1–134.

136. In response to Paragraph 136, Defendants state that this Paragraph contains a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 136.

137. In response to Paragraph 137, Defendants admit that Director Balazinska created an alternative section of the course in response to the disruption Plaintiff caused. Defendants deny the remaining allegations in Paragraph 137.

138. Defendants deny the allegations in Paragraph 138.

139. Defendants deny the allegations in Paragraph 139.

140. Defendants deny the allegations in Paragraph 140.

141. Defendants deny the allegations in Paragraph 141.

142. Defendants deny the allegations in Paragraph 142.

**THIRD CAUSE OF ACTION**
**First Amendment Retaliation Under 42 U.S.C. § 1983**
**(Against All Defendants in Their Official Capacities)**

143. Defendants incorporate by reference their responses to Paragraphs 1–142.

144. In response to Paragraph 144, Defendants admit that an alternative section of the course was created in response to the disruption Plaintiff caused. Defendants deny the remaining allegations in Paragraph 144.

145. Defendants deny the allegations in Paragraph 145.

146.    In response to Paragraph 146, Defendants state that this Paragraph contains a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 146.

147.    Defendants deny the allegations in Paragraph 147.

148.    Defendants deny the allegations in Paragraph 148.

149.    Defendants deny the allegations in Paragraph 149.

**FOURTH CAUSE OF ACTION**
**Facial Overbreadth Challenge to Executive Order 31**
**(Against President Cauce in Her Official Capacity)**

150.    Defendants incorporate by reference their responses to Paragraphs 1–149.

151.    In response to Paragraph 151, Defendants state that this Paragraph contains a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 151.

152.    In response to Paragraph 152, Defendants state that Executive Order 31 has been rescinded and replaced and that any challenge to it is moot.

153.    Defendants deny the allegations in Paragraph 153 and state that Executive Order 31 has been rescinded and replaced and that any challenge to it is moot.

154.    Defendants deny the allegations in Paragraph 154 and state that Executive Order 31 has been rescinded and replaced and that any challenge to it is moot.

155.    Defendants deny the allegations in Paragraph 155 and state that Executive Order 31 has been rescinded and replaced and that any challenge to it is moot.

156.    Defendants deny the allegations in Paragraph 156 and state that Executive Order 31 has been rescinded and replaced and that any challenge to it is moot.

157.    Defendants deny the allegations in Paragraph 157 and state that Executive Order 31 has been rescinded and replaced and that any challenge to it is moot.

158.    Defendants deny the allegations in Paragraph 158 and state that Executive Order 31 has been rescinded and replaced and that any challenge to it is moot.

159.    Defendants deny the allegations in Paragraph 159 and state that Executive Order 31 has been rescinded and replaced and that any challenge to it is moot.

160.    Defendants deny the allegations in Paragraph 160 and state that Executive Order 31 has been rescinded and replaced and that any challenge to it is moot.

## FIFTH CAUSE OF ACTION
### Facial Vagueness Challenge to Executive Order 31
### (Against President Cauce in Her Official Capacity)

161.    Defendants incorporate by reference their responses to Paragraphs 1–160.

162.    In response to Paragraph 162, Defendants state that this Paragraph contains a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 162.

163.    In response to Paragraph 163, Defendants state that Executive Order 31 has been rescinded and replaced and that any challenge to it is moot.

164.    Defendants deny the allegations in Paragraph 164 and state that Executive Order 31 has been rescinded and replaced and that any challenge to it is moot.

165.    Defendants deny the allegations in Paragraph 165 and state that Executive Order 31 has been rescinded and replaced and that any challenge to it is moot.

166.    Defendants deny the allegations in Paragraph 166 and state that Executive Order 31 has been rescinded and replaced and that any challenge to it is moot.

167.    Defendants deny the allegations in Paragraph 167 and state that Executive Order 31 has been rescinded and replaced and that any challenge to it is moot.

168.    Defendants deny the allegations in Paragraph 168 and state that Executive Order 31 has been rescinded and replaced and that any challenge to it is moot.

169.    Defendants deny the allegations in Paragraph 169 and state that Executive Order 31 has been rescinded and replaced and that any challenge to it is moot.

170.    Defendants deny the allegations in Paragraph 170 and state that Executive Order 31 has been rescinded and replaced and that any challenge to it is moot.

171.    Defendants deny the allegations in Paragraph 171 and state that Executive Order 31 has been rescinded and replaced and that any challenge to it is moot.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT - 2:22-cv-00964-JHC

- 17 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101
+1 206 839 4300

## PLAINTIFF'S PRAYER FOR RELIEF

Plaintiff's Prayer for Relief contains no factual assertion, so no response is required. If a response is required, Defendants deny that Plaintiff is entitled to any relief whatsoever.

## JURY TRIAL DEMANDED

Plaintiff's "Demand for Jury Trial" section consists of Plaintiff's jury demand to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to demand a jury trial but deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Amended Complaint, based on information and belief and without assuming the burden of proof on any issue for which Plaintiff bears the burden of proof, Defendants assert the following affirmative defense.

### First Defense

Defendants sued in their individual capacities are protected from liability for damages by qualified immunity because the relevant law is not sufficiently clear that a reasonable official would know that any of the alleged conduct was unlawful.

## DEFENDANTS' REQUEST FOR RELIEF

WHEREFORE, Defendants request that the Court:

a. dismiss the Amended Complaint in its entirety with prejudice;

b. enter judgment in Defendants' favor and against Plaintiff;

c. award Defendants' attorneys' fees, costs, and expenses;

d. grant Defendants such other and further relief, at law or in equity, as the Court deems just and proper; and

e. If judgment is entered for Plaintiff, rule that the individual-capacity Defendants are shielded from liability for damages by the doctrine of qualified immunity, and decline to award declaratory or injunctive relief—including because Plaintiff's facial challenges are moot.

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT - 2:22-cv-00964-JHC

- 18 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101
+1 206 839 4300

Dated: June 4, 2026

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: *s/Robert M. McKenna*

Robert M. McKenna (WSBA# 18327)
Aaron Brecher (WSBA# 47212)
401 Union Street, Suite 3300
Seattle, WA  98101
Telephone (206) 839-4300
Fax (206) 839-4301
rmckenna@orrick.com
abrecher@orrick.com

R. David Hosp (Admitted *Pro Hac Vice*)
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone (617) 880-1802
Fax (617) 880-1801
dhosp@orrick.com

*Attorneys for Defendants*

DEFENDANTS' ANSWER TO AMENDED
COMPLAINT - 2:22-cv-00964-JHC

- 19 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, Washington  98101
+1 206 839 4300